Rockingham
No. 78-070

ROYER FOUNDRY & MACHINE COMPANY

v.

NEW HAMPSHIRE GREY IRON, INC.

September 27, 1978

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*James H. Schulte* orally), for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Robert Upton II* orally), for the defendant.

BOIS, J.  This is an action for indemnity. Royer Foundry & Machine Company [hereinafter Royer], a manufacturer, alleges that New Hampshire Grey Iron, Inc. [hereinafter Grey Iron], a purchaser, is contractually obligated to indemnify it for any losses that Royer might sustain by reason of an action for personal injuries brought against it by one of Grey Iron's employees. Grey Iron moved to dismiss. The Trial Court (*Loughlin,* J.) denied the motion, noted the defendant's exception, and reserved and transferred all questions of law raised by the denial. We reverse, and grant the motion to dismiss.

In December 1969, Grey Iron purchased a sand-processing machine from Royer. On May 23, 1972, James Rose, an employee of Grey Iron, was loading the machine when he noticed a foreign object caught in its conveyor belt. He attempted to remove the object without turning off the machine and allegedly injured himself by catching his arm in the conveyor belt. He brought a personal injuries action against Royer based on negligence and strict liability. According to Rose's writ, Royer wrongfully failed to install safety devices on the conveyor belt and its assembly.

Royer filed a third-party writ against Grey Iron. This writ alleges that the sales contract between Royer and Grey Iron obligated the latter to install the safety devices that Rose claims were lacking. The writ further alleges that the duty to install safety devices gave rise to an implied contractual duty to indemnify Royer for any liability that Royer might incur as a result of Grey Iron's breach of its obligation.

Grey Iron moved to dismiss, arguing, *inter alia*, that the sales contract "does not impose any obligation upon the Defendant to indemnify the Plaintiff, either expressly or impliedly."

Because the motion to dismiss is based solely on the pleadings, the only issue raised is whether the allegations are reasonably susceptible of a construction that would permit recovery. In resolving this issue, the plaintiff's allegations of fact and the reasonable inferences therefrom are assumed to be true and are construed most favorably to the plaintiff. *Green v. Shaw*, 114 N.H. 289, 292, 319 A.2d 284, 285 (1974); *see Bancroft v. Town of Canterbury*, 118 N.H. 453, 388 A.2d 199 (1978). If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied. *Blake v. State*, 115 N.H. 431, 433, 343 A.2d 223, 225 (1975).

We hold that the third-party complaint fails to state a claim upon which legal relief may be granted. The sales contract provision assertedly giving rise to an implied duty to indemnify reads as follows:

> No special safety devices are included unless specified to the contrary. In the event additional safety devices are required by law, Royer Foundry & Machine Company will, at the Buyer's expense, upon written notice, furnish such devices upon receipt from the Buyer of the proper specifications.

We do not think that Grey Iron's duty to notify Royer of any "additional," "special" safety devices that might be "required by law" may reasonably be interpreted as implying a duty on Grey Iron's part to indemnify Royer should a jury decide that the machine in question was unsafe as designed, manufactured, or sold.

Royer argues that it should be allowed to introduce testimony at trial to support its interpretation of the contract clause. We disagree that such extrinsic evidence may be introduced. That the contract clause imposes no duty on Grey Iron to indemnify Royer is clear and unambiguous. The evidence sought to be introduced by Royer does not show a meaning of the writing, but an intent wholly unexpressed in the writing. *See* 4 S. Williston, Contracts § 629, at 923–24 (3d ed. 1961). Such evidence is therefore inadmissible. This is especially true in light of the general rule that express indemnity agreements are to be narrowly construed, *see, e.g., Sorrentino v. Waco Scaffolding & Shoring Co.*, 44 Ill. App. 3d 1055, 1058, 358

N.E.2d 1244, 1246 (1976); *Price v. Shell Oil Co.*, 2 Cal. 3d 245, 258, 466 P.2d 722, 730–31, 85 Cal. Rptr. 178, 186–87 (1970), and that indemnity agreements are to be rarely implied, *see William H. Field Company, Inc. v. Nuroco Woodwork, Inc.*, 115 N.H. 632, 634, 348 A.2d 716, 718 (1975).

Because Royer seeks recovery on the basis of a contractual duty to indemnify, and such a duty is not supported by the contract, the motion to dismiss is hereby granted.

*So ordered.*

BROCK, J., did not sit; the others concurred.