Rockingham
No. 83-320

## JOSEPH L. HAMILTON

v.

## VOLKSWAGEN OF AMERICA, INC. & a.

October 5, 1984

*Wiggin & Nourie*, of Manchester (*Alan R. Kusinitz* and *Richard B. McNamara* on the brief, and *Mr. McNamara* orally), for the plaintiff.

*Myers & Laufer*, of Concord (*David W. Jordan* on the brief and orally), for the defendants.

SOUTER, J.   This is an appeal in a third party action for indemnity. In the underlying action, Kathy Hamilton claims that the present third party plaintiff, Joseph Hamilton, is liable in negligence as the operator of an automobile involved in an accident. Joseph Hamilton brought the present action sounding in strict liability, negligence and warranty, claiming direct liability and liability for indemnity against the seller and the manufacturer of the automobile that he had purchased and was driving at the time of the accident. The defendants moved to dismiss, and the Superior Court (*Temple*, J.) granted the motion with respect to all claims except that for direct liability in negligence. The plaintiff appeals the dismissal of his claims for indemnity. We affirm.

Since this is an appeal from an order granting a motion to dismiss, we will assume the truth of facts pleaded in the complaint and the truth of reasonable inferences from them as construed most favorably to the plaintiff. *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 392 A.2d 145 (1978). Because the complaint incorporates the allegations made by the plaintiff in the underlying action, we must make like assumptions about those allegations and the inferences that may be drawn from them.

As so derived, the facts before us are that on December 9, 1978, the present plaintiff was driving a 1977 Volkswagen Rabbit, with his pregnant wife as a passenger. As he headed south on South Willow Street in Manchester, he negligently drove across the median of the wet and snow-covered road and collided with another car heading north. His wife was injured and as a result lost the nine-month-old fetus she was carrying.

The plaintiff's wife brought the underlying action against him for negligently causing her personal injuries. As administratrix of the estate of the unborn child, she has also made a claim for wrongful death. Counsel for the present defendants have represented that the wife also brought an action in strict liability against them, which

was pending in the United States District Court for this district at the time of the argument.

Thereafter the plaintiff brought this third party action against the seller and the manufacturer of the car, claiming liability for indemnification against any judgment that the plaintiff's wife might obtain against him in the underlying action. The nub of the present plaintiff's argument is that the obligation to indemnify arises from the defendants' breach of duties to manufacture and sell a car capable of withstanding a low-speed collision without serious damages.

The issue on this appeal is whether the trial judge correctly applied the holding of *Consolidated Utility Equipment Services, Inc. v. Emhart Manufacturing Corp.*, 123 N.H. 258, 459 A.2d 287 (1983). We conclude that he did.

■■ In that case this court decided against generally extending a right of indemnification to a passively negligent tortfeasor as against an actively negligent one. Instead, we limited the right to indemnity to two situations: "where the indemnitee's liability is derivative or imputed by law . . . or where an express or implied duty to indemnify exists." *Id.* at 261, 459 A.2d at 288–89 (citations omitted).

The facts of this case do not bring it within either category. The pleadings in the underlying action do not claim any liability against the present plaintiff based upon the fault of the present defendants. Those pleadings allege that the present plaintiff was negligent in driving the car. The pleadings rest on allegations about his action or inaction, not about the behavior of someone else.

Neither do the pleadings describe the closely related situation in which we have found an express or implied duty to indemnify. Prior to *Emhart,* two leading cases exemplified the conditions under which an implied duty might be found. *Sears, Roebuck & Co. v. Philip,* 112 N.H. 282, 294 A.2d 211 (1972); *Wentworth Hotel v. Gray, Inc.,* 110 N.H. 458, 272 A.2d 583 (1970). In each case the indemnitor had agreed to perform a service for the indemnitee. In each, the indemnitor was assumed to have performed negligently. And in each, the result was a condition that caused harm to a third person in breach of a non-delegable duty of the indemnitee. In neither was the indemnitee assumed to have been negligent, at least beyond a failure to discover the harmful condition. *Cf. Consol. Util. Equipment Serv's, Inc. v. Emhart Mfg. Corp. supra* (no agreement between the indemnitor and indemnitee).

The justification for finding an implied agreement to indemnify in those cases rested on the fault of the indemnitor as the source of the

indemnitee's liability in the underlying action and, conversely, the indemnitee's freedom from fault in bringing about the dangerous condition. Neither characteristic is found here. Faulty design is not the basis for the claim that the present plaintiff breached his duty to exercise due care; the claim is simply that the present plaintiff was at fault in driving negligently.

The record is thus devoid of any customary basis to find an implied agreement to shift responsibility. The plaintiff nonetheless urges us to do so as an effective means to enforce the defendants' alleged obligations to manufacture and sell only cars capable of withstanding low speed collisions. This argument must fail for two reasons.

First, it offends the rules that indemnity agreements are rarely to be implied and always to be strictly construed. *See Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 392 A.2d 145 (1978). These rules in turn reflect a simple notion founded in pragmatism and fairness, that those who are negligent should bear responsibility for their negligence. *See Westinghouse Co. v. Bldg. Corp.*, 395 Ill. 429, 70 N.E.2d 604 (1947).

Second, as potential sources of implied indemnity agreements there is no reason in principle to distinguish between the obligation asserted here, or its breach, and any other obligation or breach by a joint tortfeasor who is also a seller of goods. On the plaintiff's theory, virtually any sales agreement would be an implicit agreement for indemnity against the seller, if buyer and seller should later be alleged to be joint tortfeasors.

Just as our recent cases hold against the plaintiff's position, earlier ones are equally unavailing. The plaintiff seeks to invoke the rule in *Nashua Iron and Steel Co. v. Worcester & Nashua Railroad Co.*, 62 N.H. 159 (1882). In that case a rule allowing contribution assumed that the indemnitor was present at the time of the injury to the third person and by ordinary care could have prevented the injury that the indemnitee could not have prevented by such care. In this case, the defendants were not present, and in accordance with the pleadings we must assume the plaintiff could have prevented the injuries if he had exercised due care. Whatever may be the status of *Nashua Iron* today, it is of no use to this plaintiff.

It is necessary to add only that once the parties are seen to be joint tortfeasors for present purposes, it is clear that the claim for indemnity is simply an attempt to avoid the rule precluding contribution between joint tortfeasors. *Scahill v. Miniter*, 101 N.H. 56, 132 A.2d 140 (1957). The holding in that case, too, was reaffirmed in

*Consolidated Utility Equipment Services, Inc. v. Emhart Manufacturing Corp. supra* and is not properly subject to reexamination after so short a time.

*Affirmed and remanded.*

All concurred.