Merrimack
No. 84-362
No. 84-372

HOWARD A. SCHNEIDER & a.

v.

GILBERT C. CASTLE

February 22, 1985

*Charles E. Dibble*, of Contoocook, by brief and orally, for the plaintiffs.

*Branch & Greenhalge*, of Concord (*Robert D. Branch* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

This case is an appeal and cross-appeal in an action for indemnification. The Superior Court (*Dunn*, J.) entered judgment for the plaintiffs in accordance with the recommendation of a Master (*Stanton E. Tefft*, Esq.). On the cross-appeal we reverse.

Plaintiffs hired the defendant to make a survey and plan of their land. The plaintiffs' agent incorrectly pointed out some of the bounds to the defendant. The defendant did not discover the error and consequently prepared an erroneous plan indicating that the plaintiffs' land was more extensive than it actually was. The plaintiffs purported to convey to one Bouldry the entire area as shown on the erroneous plan. When he discovered the error, Bouldry successfully brought action against the present plaintiffs, who then brought this indemnity action against the defendant.

The plaintiffs have appealed, alleging error in the award of damages. The defendant has cross-appealed, challenging any award on a

theory of indemnity. On defendant's cross appeal we hold that the plaintiffs are not entitled to indemnification. We therefore need not deal with plaintiffs' claims of error on their appeal.

■■ It is undisputed that there can be no indemnification if plaintiffs' loss is attributable to such negligence of their own as exceeds a mere failure to discover a defect or dangerous condition. *See Hamilton v. Volkswagen of America, Inc.*, 125 N.H. 561, 484 A.2d 1116 (1984); *Consol. Util. Equipment Serv's Inc. v. Emhart Mfg. Corp.*, 123 N.H. 258, 459 A.2d 287 (1983). Some, though not all, of the plaintiffs' loss in the form of damages in the first party action was the result of the defendant's erroneous survey and the deed description based upon it. The master found that two-thirds of the fault for the error was attributable to the defendant and one-third to the plaintiffs' agent. Consequently, the plaintiffs are not entitled to indemnification.

■ In his second report the master sought to avoid this result by ruling that the negligence of the agent should not be recognized as causal negligence in law. Counsel have cited no authority for this ruling, which was error. We know of no reason to hold that those who deal with surveyors should be relieved of responsibility for their own negligence.

The judgment below must therefore be reversed. Since the indemnification action appears to have been treated as a vehicle to raise independent claims against the defendant based on the defective performance of his contract, we remand the case for further proceedings. We express no opinion on the law that may govern such claims, which were not the subject of briefing or argument.

*Reversed and remanded.*