Dr. Robert E. PITTS,
Plaintiff–Appellant,

v.

TURNER AND BOISSEAU, CHAR-
TERED, Lee Turner, Eldon L. Bois-
seau, Hal D. Meltzer, John L. Carmi-
chael, Deborah L. Carney, Casey Law,
Cynthia G. Barrett, Interstate National
Insurance, Maginnis and Associates,
Robert T. Stephan, Harold S. Youngen-
tob, H. Phillip Elwood, Arthur E. Palm-
er, Edwin D. Smith, and Justice B.
King, Defendants–Appellees.

No. 86–2442.

United States Court of Appeals,
Tenth Circuit.

July 5, 1988.

Fred W. Phelps, Jr. and John R. Balhuizen of Phelps–Chartered, Topeka, Kan., for plaintiff-appellant.

Jeffrey Jones of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendants-appellees Turner and Boisseau, Chartered, Lee Turner, Eldon L. Boisseau, Hal D. Meltzer, John L. Carmichael, Deborah L. Carney and Casey Law.

William Scott Hesse, Asst. Atty. Gen., Topeka, Kan., for defendants-appellees Cynthia G. Barrett and Robert T. Stephan.

Robert J. Perry of Marshall, Hawks, Hendrix, Schenk & Nichols, Topeka, Kan., for defendants-appellees Interstate Nat. Ins. and Maginnis and Associates.

Alan P. Blinzler of Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., and Williams H. Sanders, Sr. of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendants-appellees Harold S. Youngentob, H. Phillip Elwood, Arther E. Palmer, Edwin D. Smith and Justice B. King.

Jerry R. Palmer, Topeka, Kan., for defendant-appellee Cynthia G. Barrett.

Martha Coffman–Gallagher, Lawrence, Kan., for defendant-appellee Casey Law.

Before ANDERSON, SETH and BRORBY, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

This is an appeal of the district court's dismissal of appellant's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 18 U.S.C. § 1961, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, and pendent state claims of breach of fiduciary duty, breach of contract, tortious interference with prospective business advantage and negligence.

The facts relevant to this appeal are as follows. Appellant prior to this suit was involved in a proceeding with the Kansas Dental Board regarding his license to practice dentistry in Kansas. Appellant in that action was represented by Turner and Boisseau, Chartered. After his license was revoked appellant filed a civil rights suit, No. 84–4207, against the Kansas Dental Board, its members and its investigators. Turner, who had represented appellant in the revocation proceedings, this time assisted State Attorney General Stephan in representing the Secretary of the Dental Board. Appellant filed this action October 15, 1984 against the law firm of Turner and Boisseau and the members of the firm individually: Lee Turner, Eldon L. Boisseau, Hal D. Meltzer, John L. Carmichael, Deborah L. Carney, and Casey Law; the Kansas Dental Board: Cynthia G. Barrett, member and secretary of the Board; Interstate National Insurance and Maginnis and Associates, carrier and agent of the Board; Robert T. Stephan, State Attorney General who was co-counsel in No. 84–4207; Harold S. Youngentob and H. Phillip Elwood, Board investigators; and Arthur E. Palmer, Edwin D. Smith and Justice B. King, attorneys for the investigators in No. 84–4207. In this action appellant contends the defendants who were aware of the fiduciary relationship between appellant and Turner conspired with Turner and others to get him to come to work for them and share informa-

tion he learned in the revocation proceedings. As a result of this, appellant alleges his civil rights have been violated pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2) and their actions violated RICO. Each defendant filed a motion to dismiss. Appellant filed an amended complaint July 25, 1986. On August 26, 1986 the district court entered its order dismissing appellant's amended complaint and his pendent state law claims. This appeal followed.

■ In *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.), we stated what the standard of review is for dismissals pursuant to Fed.R.Civ.P. 12(b)(6):

"In reviewing a dismissal for failure to state a claim, we must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff. Dismissal is appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Citations omitted.)

Appellant contends the trial court erred in dismissing his claim under 18 U.S.C. § 1961, *et seq.* or the Racketeer Influenced and Corrupt Organizations Act. In *Torwest DBC, Inc. v. Dick*, 810 F.2d 925, 927–929 (10th Cir.), we discussed what a plaintiff must plead in order to establish a RICO violation:

"A violation of section 1962(c) thus 'requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). RICO defines racketeering activity as, inter alia, any act that is indictable under 18 U.S.C. § 1341 (mail fraud) or 18 U.S.C. § 1343 (wire fraud). *See* 18 U.S.C. § 1961(1)(B). RICO also states that a '"pattern of racketeering activity" requires at least two acts of racketeering activity.' 18 U.S.C. § 1961(5).

. . . .

"... [T]o establish a RICO pattern, a plaintiff must also demonstrate continuity, that is, 'the threat of continuing activity.' *Sedima*, 105 S.Ct. at 3285 n. 14.

This element is derived from RICO's legislative history, which indicates that RICO does not apply to 'sporadic activity' or to the 'isolated offender'. *Id.*

"The continuity requirement has been the source of considerable difficulty. Courts generally agree that to make an adequate showing of continuity under *Sedima*, a plaintiff must demonstrate some facts from which at least a threat of ongoing illegal conduct may be inferred. A scheme to achieve a single discrete objective does not in and of itself create a threat of ongoing activity, even when that goal is pursued by multiple illegal acts, because the scheme ends when the purpose is accomplished."

The trial court in the instant case found "that there are no specific allegations to establish that more than one scheme to defraud the plaintiff was involved. To the contrary, the court finds that the basis of plaintiff's RICO claim is based on action which revolves upon the Kansas Dental Board's revocation of plaintiff's dental license. In the present action, plaintiff alleges that defendants Stephen and Turner and other defendants schemed to defraud plaintiff of his confidences and secrets by representing that such confidences and secrets would not be revealed to others or be used against him. The court finds that plaintiff's complaint only states one scheme, even though it alleges a general statement that many acts transpired to carry out this scheme."

After examining appellant's amended complaint and making all reasonable inferences in favor of appellant we agree that there is only one scheme alleged and this alone does not establish a RICO "pattern" which is required to support a RICO claim.

■ In addition to dismissing the RICO claim, the trial court dismissed appellant's 42 U.S.C. § 1985(2) claim. 42 U.S.C. § 1985(2) provides:

"If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testi-

fying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror. . . ."

After reviewing appellant's complaint we agree with the trial court's finding that appellant did not state a claim under § 1985(2). Appellant's complaint fails to allege how appellees conspired to keep him from testifying in court; or how they injured his person or property on account of his having attended or testified in court or how they influenced the verdict, presentment or indictment of any grand or petit juror.

 Appellant also maintains the trial court erred in dismissing his 42 U.S.C. § 1983 claim. To state a claim for relief under section 1983 a plaintiff must show that he has been deprived of any rights, privileges, or immunities secured by the Constitution and laws and that the defendant acted under color of state law. In *Brown v. Chaffee*, 612 F.2d 497, 501 (10th Cir.) (quoting *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492), we held that:

"Acting under color of state law as required by section 1983 is defined as the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "

After viewing the pleadings in the light most favorable to appellant, we are unable to ascertain how any of the appellees acted under color of state law. We, therefore, affirm the trial court's dismissal of appellant's section 1983 claim.

Finally, appellant maintains the lower court erred in dismissing his pendent state law claims of breach of fiduciary duty, breach of contract, tortious interference with contractual rights and prospective business advantage, and negligence. There is no basis for diversity jurisdiction in the instant case nor are there any remaining federal causes of action. In the absence of either federal question or diversity jurisdiction we do not find the trial court abused its discretion in dismissing the pendent state claims.

AFFIRMED.