948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lester L. COOKS, Plaintiff-Appellant,
v.
James M. FRANKLIN, Judge, El Paso District Court; Geoffrey
De Wolfe, Judge, El Paso District Court; D. Richard Toth,
Judge; Juanita L. Rice, Juvenile Commissioner; Ronald G.
Crowder, former spouse's attorney; Patricia A. Shepard, Law
Firm; Robert S. Shoop, Plaintiff's former attorney,
Defendants-Appellees.
 No. 91-1120.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lester L. Cooks filed suit in federal district court against state court Judges James M. Franklin, Geoffrey de Wolfe, D. Richard Toth, state court Juvenile Commissioner, Juanita L. Rice, and attorneys, Ronald Crowder, Patricia Shepard, and Robert Shoop.[1] Plaintiff, a pro se litigant, claims civil rights violations pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The district court dismissed Plaintiff's complaint for lack of subject matter jurisdiction and because of the absolute immunity of the state Defendants. Plaintiff appeals this dismissal.
 
 
 3
 "A determination of the district court's subject matter jurisdiction is a question of law reviewable de novo on appeal." Walden v. Bartlett, 840 F.2d 771, 772-73 (10th Cir.1988). We are cognizant of the fact that pro se complaints are subject " 'to less stringent standards than formal pleadings drafted by lawyers.' " Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972))).
 
 
 4
 Plaintiff's suit arises out of the circumstances surrounding his divorce action in Colorado state court. Plaintiff's complaint, in essence, requests that the district court overturn his final divorce orders, enjoin the state court from enforcing the orders, and grant him compensatory and punitive damages in the amount of $1,000,000.00.
 
 
 5
 The district court determined that Plaintiff's claims under 42 U.S.C. §§ 1981, 1985, and 1986 are not supported by any facts in his Complaint and thus are insufficient as a matter of law. We agree. Accordingly, it is only the correctness of the district court's dismissal of Plaintiff's § 1983 claim that remains for review.
 
 
 6
 In their actions regarding Plaintiff's divorce proceedings, Defendants Franklin, Toth, and de Wolfe were acting in their respective official capacities as state court judges, and as such are absolutely immune from claims for damages. "A judge acting in his judicial capacity is absolutely immune from [civil rights] suits unless the judge acts clearly without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991); see also Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir.1986) (doctrine of judicial immunity is applicable to § 1983 actions). "[J]udges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority." Christensen v. Ward, 916 F.2d at 1473 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).
 
 
 7
 Defendant Rice, a state court juvenile commissioner, acting in her official capacity, denied Plaintiff's motion attempting to annul the adoption of his child. We have held that absolute immunity is available to officials performing functions analogous to those performed by judges. See Horwitz v. State Bd. of Medical Examiners, 822 F.2d 1508, 1513 (10th Cir.) (citing Butz v. Economou, 438 U.S. 478, 511-13 (1978)), cert. denied, 484 U.S. 964 (1987). Functionaries in the judicial system are allowed latitude to perform without the threat of retaliatory § 1983 litigation. Snell v. Tunnell, 920 F.2d at 686-87. Defendant Rice's actions were within the scope of her official judicial capacity, and as such, her actions are also absolutely immune.
 
 
 8
 In addition, the district court is without jurisdiction to grant the kind of relief Plaintiff seeks. "[F]ederal district courts and federal courts of appeals lack jurisdiction to review or reverse a state court judgment." Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)); see also Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir.1986) (constitutional claim capable of state review on direct appeal not subject to federal review under 42 U.S.C. § 1983). The district court is without jurisdiction to entertain Plaintiff's claims.
 
 
 9
 In order to sustain a claim under § 1983, plaintiff must show that his constitutional rights have been violated, and that those responsible acted under the color of state law. Pitts v. Turner & Boisseau, Chartered, 850 F.2d 650, 653 (10th Cir.1988), cert. denied, 488 U.S. 1030 (1989). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). We have previously stated that "[l]awyers do not act under color of state law solely by engaging in private litigation on behalf of their clients." Brown v. Chaffee, 612 F.2d 497, 501 (10th Cir.1979). Therefore, Plaintiff's § 1983 claims against Crowder, Shepard, and Shoop must be dismissed.
 
 
 10
 Defendants' request for sanctions pursuant to Fed.R.App.P. 38, and the parties' respective requests for oral argument are denied. For substantially the reasons contained in the district court's Order, and on the basis of the authorities cited therein and in this Order and Judgment, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendants Crowder, Shepard, and Shoop have filed a Motion to Dismiss alleging a lack of personal jurisdiction based upon ineffective service of process. Because we find other grounds to resolve the matter, it is not necessary to reach this issue. We therefore deny Defendants' motion. See Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir.), cert. denied, 111 S.Ct. 559 (1990)