**Irving J. HOROWITZ, as Administrator and Personal Representative of the Estates of Bruce S. Horowitz, Catherine O. Horowitz and Michael Brandon Horowitz, deceased, for and on behalf of Brian Scott Horowitz, Plaintiff,**

v.

**SCHNEIDER NATIONAL, INC., a Nevada corporation; Schneider National Carriers, Inc., a Nevada corporation, Defendant–Third–Party–Plaintiffs–Appellants,**

v.

**HOLLAND HITCH CO., a Michigan corporation; Rissler & McMurry Co., a Wyoming corporation, Third–Party–Defendants–Appellees.**

No. 89–8029.

United States Court of Appeals, Tenth Circuit.

May 3, 1993.

George J. Argeris (Larry B. Kehl and Curtis B. Buchhammer with him on the briefs), of Orr, Buchhammer & Kehl, Cheyenne, WY, for defendants-third-party-plaintiffs-appellants.

John J. Metzke (Thomas G. Gorman and Steven K. Sharpe with him on the briefs), of Hirst & Applegate, Cheyenne, WY, for third-party-defendant-appellee Holland Hitch Co. (Richard J. Barrett with him on the briefs), of Hathaway, Speight, Kunz, Trautwein & Barrett, Cheyenne, WY, for third-party-defendant-appellee Rissler & McMurry Co.

Before McKAY, Chief Judge, LOGAN, and ANDERSON, Circuit Judges.

McKAY, Chief Judge.

The single issue presented in this appeal is whether the district court properly dismissed appellants' (collectively referred to as Schneider) third-party indemnity complaint against appellees Holland Hitch Company and Rissler & McMurry Company. The district court held, pursuant to prevailing tort law in Wyoming, that Schneider's complaint failed to state a claim because the adoption of comparative negligence principles had effectively abrogated the right to seek indemnity under state law.

Following our initial consideration of this matter, we certified various questions of state law to the Wyoming Supreme Court. *See Schneider Nat'l, Inc. v. Holland Hitch Co.,* 843 P.2d 561 (Wyo.1992). We consider this appeal in light of that court's answers to those questions. *See Delaney v. Cade,* 986 F.2d 387, 391 (10th Cir.1993) (where issue has not been addressed, guidance from state courts through certification is appropriate). We conclude, based on the informed decision of the Wyoming Supreme Court, that Schneider's complaint is sufficient to with-

stand the motion to dismiss. Consequently, we reverse the district court judgment.

The underlying action was filed following a tragic accident on Interstate 80 in Wyoming. Several members of the Horowitz family were killed. Their representative filed a wrongful death action, alleging Schneider was negligent in several respects. In particular, the complaint alleged that the tractor trailer which hit the Horowitz vehicle was operated in an unsafe and dangerous condition, and that Schneider entrusted the vehicle to an unfit driver. The complaint stated no claims against third parties.

· After the complaint was filed, Schneider filed a third-party complaint against Holland and Rissler, seeking indemnity for whatever damages it became liable to pay as a result of the Horowitz lawsuit. The district court dismissed the complaint prior to trial, ruling that Wyoming's comparative fault statute extinguished the need for indemnity, and, in any event, even under prevailing common law principles, Schneider's active negligence prevented indemnity. Midway through trial, Schneider settled with Horowitz. Consequently, no assessment of fault was ever made. This appeal followed.

■ Our analysis begins, as it must, with consideration of the proper standard of review on a dismissal pursuant to Fed. R.Civ.P. 12(b)(6). It is de novo. *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir. 1989). We may affirm the dismissal only if it appears Schneider can present no facts in support of its claims which would entitle the company to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). Our review of the district court's interpretation of Wyoming law is likewise de novo. *Salve Regina College v. Russell*, 499 U.S. 225, ——, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991). It is with these standards in mind that we consider the issue presented.

The certification order involved three separate questions. First, the court was asked whether Wyoming's comparative negligence statute, Wyo.Stat. § 1–1–109, permits strict liability and breach of warranty to be considered in the same manner as negligence in determining percentage of fault and corre-

sponding liability. Second, the court was asked to consider whether, assuming the answer to the first question was yes, an actor has a right in Wyoming to seek indemnity absent an express contract, and, if so, under what circumstances. Finally, the court was queried on whether, and under what circumstances, an actor may still seek common law indemnity based on negligence, strict liability, and breach of warranty. *See Schneider Nat'l*, 843 P.2d at 563.

The third-party complaint alleged that Holland negligently designed and manufactured the "fifth wheel" tractor hitch used on the Schneider vehicle. It also contained breach of warranty and strict liability claims based on Holland's manufacture and sale of an allegedly defective product. Schneider claimed these collective failures were the proximate cause of the accident. *See* Rec. Vol. I. doc. 13 at 5–6. In the alternative, Schneider alleged that if it was found negligent, indemnity was still proper because its fault was secondary to Holland's negligence. *Id.* at 6–7.

In separate claims against Rissler, Schneider alleged that the company negligently breached its duty to perform roadway construction in a safe and prudent manner. Schneider maintained that this failure was the cause of the accident involving the Horowitz family. *Id.* at 7. The complaint also alleged Schneider's negligence, to the extent any was found, was secondary to Rissler's. *Id.* Thus, the complaint makes claims of active, primary, negligence against both third-party defendants.

The certified questions raised issues concerning the proper role, if any, of common law indemnity following Wyoming's adoption of a comparative fault statute in 1986. The Wyoming Supreme Court has determined that the common law indemnity action has survived the advent of comparative fault, albeit in a different form. *See Schneider Nat'l*, 843 P.2d at 571. Our role is to determine whether the allegations which Schneider asserted against Holland and Rissler fit within the parameters of this newly defined indemnity cause of action.

**282**

In Wyoming, equitable implied indemnity is potentially available where, as here, a third-party plaintiff alleges the indemnitors supplied a defective product or created a dangerous condition which the indemnitee failed to discover. *See id.* at 576. The Restatement of Torts defines the cause of action. *See id.;* Restatement (Second) of Torts § 886B(2)(d), (e) (1979). The type of action, whether it be in strict liability, negligence, or breach of warranty, is not dispositive of the availability of relief. All three are allowed. *Schneider Nat'l,* 843 P.2d at 576.

The nature of the cause of action is relevant, however, in determining the available remedy. *Id.* In a negligence action, "indemnity liability is to be allocated among the parties proportionately to their comparative degree of fault." *Id.* at 578. This is a departure from the common law approach, and allows partial indemnity based on relative degrees of fault. *Id.* at 578–79. Conversely, comparative principles are not applied in strict liability and breach of warranty indemnity actions. *Id.* at 583, 587. If the indemnitee prevails in an action based on these theories, it may shift 100% of its liability to the indemnitor. *Id.*

Holland and Rissler maintain an indemnity action is not proper here because the Horowitz complaint asserts that the negligence of Schneider, and only Schneider, caused the accident. They rely on New Hampshire law to support this position. *See Hamilton v. Volkswagen of Am., Inc.,* 125 N.H. 561, 484 A.2d 1116, 1118 (1984) (motion to dismiss affirmed where underlying complaint makes no allegations of fault against third-party manufacturer). The allegations of the Horowitz complaint are not, however, dispositive of Schneider's ability to state a claim. Rather, it is the Schneider complaint which controls this issue. *See Schneider Nat'l,* 843 P.2d at 576 (stating Schneider complaint states claims under Restatement test).

We are obligated to take as true all well-pleaded allegations in the Schneider complaint. *Pitts v. Turner & Boisseau, Chartered,* 850 F.2d 650, 652 (10th Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989). Under this standard, the district court erred in determining that Schneider could not bring the third-party action. Following the rules announced by the Wyoming Supreme Court, this complaint is sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). We make no comment on the ultimate merit of the claims. The *Schneider* opinion sets forth the requirements for obtaining indemnity relief in some detail. *See* 843 P.2d at 579–80. Our holding is, as we have stated, limited in scope. We determine only that this complaint adequately sets forth claims for relief under Wyoming law.

The judgment of the United States District Court for the District of Wyoming is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.