5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jonathan Peter ROMERO, Plaintiff-Appellant,
v.
John O'BRIEN; Stacey O'Brien; Joseph Caldwell, State
Judge, 8th Judicial District, individually and officially;
Brigitte Lotze; Michael Knight, Office Manager, County of
Taos, Department of Human Services, individually and
officially; Elizabeth Dinsmore; Sam Sanchez; Sammy
Pacheco, District Attorney, 8th Judicial District,
individually and officially; Katherine Souder, Attorney,
County of Taos, Department of Human Services, individually
and officially; Peggy Nelson, State Judge, 8th Judicial
District, individually and officially; John Doe, Jane Doe,
Defendants-Appellees.
 No. 93-2028.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and KELLY, C.Js., and CAUTHRON,** D.J.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Jonathan Peter Romero appeals the district court's dismissal of his lawsuit alleging his constitutional rights were violated in the course of state child abuse and child custody proceedings. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 This action is plaintiff's second federal lawsuit against eight of the defendants. Plaintiff's previous suit, which also concerned alleged constitutional violations in the course of the state child abuse and child custody proceedings, was dismissed on grounds that the defendants were either immune from or not subject to plaintiff's constitutional claims. Citing Younger v. Harris, 401 U.S. 37 (1971), the court in the first federal suit abstained from adjudicating plaintiff's claims for injunctive and declaratory relief.
 
 
 5
 This second federal suit concerns events that transpired after plaintiff filed the prior suit. Plaintiff seeks damages for defendants' alleged violations of 42 U.S.C.1983 and 1985, as well as an injunction and declaration that the state proceedings conducted after April 12, 1989, are null and void. Plaintiff also requests a declaration that the New Mexico State Children's Code is unconstitutionally vague.
 
 
 6
 The district court granted defendants' motions to dismiss the complaint. Ruling from the bench, the district court relied, in part, upon the legal analysis of the federal judge who dismissed plaintiff's previous lawsuit. The court found that plaintiff failed to state a claim against defendants Sam Sanchez, Brigitte Lotze, Stacey O'Brien, and John O'Brien. The court determined that all other defendants were immune from plaintiff's claims, and, alternatively, that collateral estoppel and res judicata barred the claims. Because the parties were unable to inform the court of whether the underlying state actions were pending, the court abstained under the Younger doctrine from adjudicating plaintiff's claims. Finally, the court imposed Rule11 sanctions against plaintiff because it found the complaint was frivolous and lacking in factual basis.
 
 
 7
 In reviewing the district court's dismissal of the complaint, " 'we must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff. Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' " Pitts v. Turner & Boisseau, Chartered, 850 F.2d 650, 652 (10th Cir.1988)(quoting Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir.1987) (further citation omitted)), cert. denied, 488 U.S. 1030 (1989).
 
 
 8
 We do not address whether the district court appropriately dismissed plaintiff's challenge to the New Mexico Children's Code and his claims against defendant Sam Sanchez because plaintiff fails to assign specific error to the district court's treatment of these claims. Plaintiff's general complaint that the district court failed to thoroughly consider his claims does not provide a basis for reversal.
 
 
 9
 We are not persuaded by plaintiff's arguments concerning the dismissal of his claims against defendants Brigitte Lotze, Stacey O'Brien, and John O'Brien. We hold that the district court properly dismissed these claims because plaintiff failed to allege facts sufficient to support conspiracy between these defendants and the state actors. Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983)(conclusory allegations are insufficient as a matter of law to demonstrate conspiracy between private defendants and state officials).
 
 
 10
 With regard to the other defendants, plaintiff argues that immunity cannot insulate them from damages because the underlying state proceedings are void for lack of jurisdiction. Generally stated, plaintiff argues that defendant Judges Caldwell and Nelson lost jurisdiction upon the filing of plaintiff's peremptory disqualification challenges. He also argues that the state abuse action ceased because defendants failed to conduct certain hearings within the time limits mandated by state statute. Thus, plaintiff's argument concludes, defendants Souder, Pacheco, Dinsmore, and Knight are not protected by immunity because they knowingly participated in proceedings over which Judges Caldwell and Nelson had no jurisdiction.
 
 
 11
 The district court relied upon the immunity rulings made by the district court that considered plaintiff's first federal lawsuit against these defendants. Rejecting plaintiff's "attempt to circumvent the application of the immunity doctrine," R. 7, ex. B at 11, that court found that the alleged failure of Judge Caldwell to comply with Children's Court Rules did not deprive Judge Caldwell of immunity. Id. at 12. The court noted that plaintiff had "not argue[d] that Judge Caldwell did not originally have jurisdiction over the state child abuse proceedings." Id. at 12. The court concluded that immunity protected Judge Caldwell because he had "not act[ed] in clear absence of his jurisdiction." Id.
 
 
 12
 For these same reasons, we reject plaintiff's current attempt to circumvent the application of immunity. We recognize that plaintiff's current challenge is premised upon alleged abuses which had not even occurred when plaintiff filed his previous action. However, as with plaintiff's previous action, plaintiff has failed to allege facts which could support the conclusion that Judges Caldwell and Nelson acted in clear absence of their jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Relying on reasons stated by the district court, which, in turn, relied on the immunity analysis of the previous district court judge in connection with earlier stages of the underlying state proceedings, we hold that the district court properly found that defendant Judges Nelson and Caldwell, and defendants Souder, Pacheco, Dinsmore and Knight are immune from plaintiff's claims.
 
 
 13
 The immunity analysis does not necessarily resolve plaintiff's claims for declaratory and injunctive relief. See Pulliam v. Allen, 466 U.S. 522, 541 (1984). According to plaintiff, the district court should have declared void all state proceedings that occurred after plaintiff filed the peremptory disqualification challenges. Defendants, on the other hand, maintain that the federal court cannot resolve plaintiff's argument. Defendants argue that plaintiff is precluded from litigating this issue in federal court because the Supreme Court of New Mexico has already considered and rejected this issue. Alternatively, defendants maintain that because the state action was pending when plaintiff filed his complaint, the district court properly abstained under Younger from litigating this issue.
 
 
 14
 Plaintiff acknowledges that he raised this argument to the New Mexico Supreme Court in a petition for a writ of superintending control. Plaintiff filed the petition after Judges Caldwell and Nelson refused to honor his peremptory challenges. The New Mexico Supreme Court summarily denied the writ and, also, denied plaintiff's petition for reconsideration. Judge Nelson continued to preside over the state proceedings. It is not clear whether the state proceedings had terminated when plaintiff filed this action.
 
 
 15
 "Title 28 U.S.C. 1738 requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so.' The federal court must apply the state collateral estoppel rules when determining whether a prior state court judgment bars litigation of an issue in a 1983 claim." Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir.1992)(quoting Allen v. McMurry, 449 U.S. 90, 96 (1980), and citing Haring v. Prosise, 462 U.S. 306, 314 (1983)). Under New Mexico law, collateral estoppel prevents "relitigation of ' "ultimate facts or issues actually and necessarily decided in a prior suit." ' " Shovelin v. Central N.M. Elec. Co-op, Inc., 850 P.2d 996, 1000 (N.M.1993) (citations omitted). The New Mexico Supreme Court's summary denial of a writ petition alleging that a judge failed to honor a peremptory challenge "does not necessarily mean that the Supreme Court reached the merits of the issue argued in support of the writ, especially where there exists an adequate remedy at law." State v. Ware, 850 P.2d 1042, 1045 (N.M. Ct.App.), cert. denied, 849 P.2d 371 (N.M.1993). Therefore, because the New Mexico Supreme Court summarily denied plaintiff's petition for a writ, collateral estoppel would not preclude subsequent litigation of the issue raised in the writ petition. Id. (holding that collateral estoppel did not bar plaintiff from asserting arguments on direct appeal that had already been presented to the New Mexico Supreme Court in a petition for writ of prohibition).
 
 
 16
 This conclusion--that collateral estoppel would not bar subsequent litigation of this issue--does not mean that the federal court has power to resolve this issue. If, as defendants maintain, the state proceedings are pending, then the district court appropriately abstained under Younger. Plaintiff could raise his argument in the state forum. Even if the state proceedings have terminated, however, principles of res judicata bar plaintiff from collaterally attacking the state proceedings in federal court. In Alvarez v. County of Bernalillo, 850 P.2d 1031, 1034 (N.M. Ct.App.), cert. denied, 852 P.2d 138 (N.M.1993), the New Mexico Court of Appeals held that res judicata barred a party who did not appeal a judge's failure to honor a peremptory disqualification challenge from subsequently litigating the issue. The Alvarez court noted that actions taken by a judge subsequent to a properly filed peremptory challenge are void, id. at 1032, but found that the right to complain of a judge's failure to honor a proper peremptory challenge is circumscribed by the law's regard for finality and disfavor of relitigation. Id. at 1033-34. Therefore, even if the state proceedings had terminated, the district court properly dismissed plaintiff's claims for declaratory and injunctive relief because res judicata bars plaintiff from litigating this issue which he could have asserted on direct appeal.
 
 
 17
 Finally, we address whether the district court properly imposed Rule 11 sanctions. Fed.R.Civ.P. 11. Rule 11 requires a party or attorney to certify, among other things, that a pleading, motion, or paper filed with the district court "to the best of the signer's knowledge, information, and belief ... is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass...." We review the district court's imposition of Rule 11 sanctions for an abuse of discretion. Dodd Ins. Servs. v. Royal Ins. Co., 935 F.2d 1152, 1155 (10th Cir.1991). "[W]e apply an abuse of discretion standard to both the court's resolution of factual issues and its decision that a pleading was not warranted by existing law or a good faith argument for changing the law." Id. After reviewing the record and existing law we cannot say that the district court abused its discretion in imposing Rule 11 sanctions.
 
 
 18
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation