Scott v. Seppala Construction          CV-94-535-JD  07/31/96
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

<u>Richard M. Scott, et al.</u>

        v.                              Civil No. 94-535-JD

<u>Seppala Construction Co.,</u>
<u>Inc., et al.</u>


                            O R D E R


        The plaintiffs, Richard and Gloria Scott, initiated this
action against the defendant and third-party plaintiff, Seppala
Construction Co. Inc., seeking damages for Seppala's negligent
operation of a construction site in Claremont, New Hampshire.
Seppala brought a third-party complaint for contribution and
indemnification against third-party defendants RMD, Inc.,
DeMoulas Supermarkets, Inc., Market Basket, Inc., and Excel
Refrigeration, Inc.  Before the court are the motions for summary
judgment filed by RMD (document no. 33) and by DeMoulas, Market
Basket, and Excel (document no. 35) on Seppala's third-party
claims.

                         <u>Background</u>[1]

        At some point prior to April 15, 1994, Seppala began work as
a general contractor for a construction and renovation project at

    _____

        [1]The facts relevant to the instant motion are either not in
dispute or have been alleged by Seppala.

a DeMoulas Market Basket[2] store in Claremont, New Hampshire. Following the plans for the project, which were drawn up by RMD, Seppala installed a set of double doors opening from the mezzanine level to the exterior of the store, approximately twelve feet above the ground. The plans did not call for the installation of a landing or stairwell on the exterior of the building. The doors were installed for the purpose of facilitating the loading and unloading of heavy equipment stored on the mezzanine level of the store and were secured by wire and lumber.

On April 15, 1994, Richard Scott was working as a refrigeration and air conditioning mechanic on the mezzanine level of the building. At some point during that day, the wire securing the double doors was cut by employees of Excel. Although Normand Martin, an employee of one of the third-party defendants, was aware that the wires had been cut, the situation

_____

[2]The parties dispute the nature of the relationship among the third-party defendants, each of which is a Massachusetts corporation with a principal place of business in Tewksbury, Massachusetts. The third-party defendants claim that DeMoulas Supermarkets, Inc. is a franchisor of grocery stores and a supplier of food products to franchise stores, and that Market Basket, Inc. is a franchisee of DeMoulas Supermarkets. Seppala claims that the third-party defendants are indistinguishable and should be treated as one entity for the purposes of this lawsuit. Seppala also has alleged that RMD, Inc. is the entity that supervised various contractors at the Claremont site, and that Excel Refrigeration, Inc. was one of RMD's subcontractors at the site.

had not been addressed when, several hours later, Scott fell through the doorway and suffered serious injury.

On October 21, 1994, the Scotts filed the instant action, claiming that Seppala "failed to install an exterior landing, stairs, barricades or other devices to prevent those coming through the doorway from falling to the ground" and "failed to install signs or other warning devices to warn those persons in the area about the hazards presented."  Complaint ¶¶ 7, 8. Seppala subsequently filed a third-party complaint seeking indemnification from RMD, DeMoulas Supermarkets, and Market Basket and/or Excel Refrigeration for, inter alia, failing to provide a working environment that was free from unreasonable risk and danger.  Seppala also seeks contribution from RMD and DeMoulas for any damages it incurs as a result of the Scotts' underlying action.

### Discussion

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 113 S. Ct. 1845 (1993)), cert. denied,

115 S. Ct. 56 (1994). The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992). The court must view the entire record in the light most favorable to the plaintiff, "`indulging all reasonable inferences in that party's favor.'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)), cert. denied, 504 U.S. 985 (1992). However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

4

I.  Indemnification

Under New Hampshire law, "one joint tortfeasor can obtain indemnification, a complete shifting of liability, against another where the indemnitee's liability is derivative or imputed by law, or where an express or implied duty to indemnify exists." Consolidated Util. Equip. Servs., Inc. v. Emhart Mfg. Corp., 123 N.H. 258, 261, 459 A.2d 287, 288-89 (1983) (citations omitted). Here, the plaintiff seeks relief under an implied indemnification theory only.  The New Hampshire Supreme Court has stated that an implied duty to indemnify may exist where (1) the indemnitor has agreed to perform a service for the indemnitee; (2) the indemnitor has performed negligently; (3) the result was a condition that caused harm to a third person in breach of a non-delegable duty of the indemnitee; and (4) the indemnitee is not negligent beyond its failure to discover a harmful condition. Hamilton v. Volkswagen of America, 125 N.H. 561, 563, 484 A.2d 1116, 1118 (1984); see also Pond v. Majercik, No. 94-225-M,, slip op. at 7-9 (D.N.H. Sept. 29, 1995).  "The justification for finding an implied agreement to indemnify . . . rest[s] on the fault of the indemnitor as the source of the indemnitee's liability in the underlying action and, conversely, the indemnitee's fault in bringing about the dangerous condition." Hamilton, 125 N.H. at 563-64, 484 A.2d at 1118; see also Jaswell

5

Drill Corp v. General Motors Corp., 129 N.H. 341, 346, 529 A.2d 875, 878 (1987) (rationale for implying indemnity agreement applicable where indemnitor's product was "directly and solely" responsible for damages and indemnitee's negligence lay only in failing to discover that product was defective); Morrissette v. Sears, Roebuck & Co., 114 N.H. 384, 387; 322 A.2d 7, 9 (1974) (right to indemnity arises "where one is legally obligated to pay an obligation for which another is primarily liable").

    A.  RMD

    RMD argues that summary judgment is warranted on Seppala's indemnification claim because the Scotts' underlying claim seeks damages for Seppala's negligence, and not for RMD's conduct.  The argument is unavailing.  Although the Scotts' complaint is based on Seppala's failure to install a landing or stairs or to barricade the door, Seppala has asserted, inter alia, that it entered into a contractual agreement to provide services for the third-party defendants, that RMD designed the doorway, and that the doorway's negligent design was the sole and direct cause of Richard Scott's accident.  The court finds that RMD has failed to establish the lack of a genuine issue of material fact concerning any of the elements of Seppala's indemnification claim.

6

B.  DeMoulas

DeMoulas seeks summary judgment on the plaintiff's indemnification claim on the ground that it is merely a franchisor and supplier of grocery stores and had no role in the construction of any supermarket, including the Claremont site.  Demoulas has submitted a three-paragraph affidavit from its financial vice president, D. Harold Sullivan, to this effect.  Seppala argues that the third-party defendants are indistinguishable, and has referred the court, inter alia, to the deposition testimony of Richard Scott, who testified that he received paychecks from three of the third-party defendants while performing the same job as a refrigeration technician, and that RMD had final authority over any work that he did.  The court finds that there are genuine issues of material fact concerning DeMoulas' involvement in the construction of the Claremont site and its relationship with the other third-party defendants.

C.  DeMoulas, Market Basket, and Excel

DeMoulas, Market Basket, and Excel seek summary judgment on Seppala's claims for indemnification on the ground that Seppala has failed to state a cognizable theory of liability for the Scotts' losses.  However, Seppala's complaint includes allegations, which the third-party defendants have not rebutted,

7

that employees of the third-party defendants tampered with the barricade that Seppala had constructed. To the extent Richard Scott's accident is "directly and solely attributable" to this tampering and Seppala's negligence arises only from its failure to discover the hazard created thereby, the court finds that Seppala's allegations are sufficient to support its claim for indemnification.

The third-party defendants' motions for summary judgment on Seppala's indemnification claim are denied.


II.   Contribution

Under New Hampshire law,

a right of contribution exists between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim, or otherwise liable for the same injury, death or harm, whether or not judgment has been recovered against all or any of them.

N.H. Rev. Stat. Ann. § 507:7-f(I) (Supp. 1995). The basis for contribution is each party's share of the obligation, id., which is to be determined "in accordance with the proportionate fault of each of the parties," id. § 507:7-e(I)(a) (Supp. 1995).


A.   RMD

RMD argues that summary judgment is warranted on Seppala's contribution claim because Normand Martin was employed by

8

DeMoulas, and not RMD, and because there is no evidence indicating that the doorway design was the cause of Richard Scott's accident.

As noted *supra*, there are genuine issues of material fact concerning the relationship between DeMoulas and the other third-party defendants. Accordingly, the court declines to enter summary judgment in favor of RMD based on RMD's claim that it is not responsible for the conduct of Normand Martin.

The court also finds that RMD's attempt to evade liability for its design of the doorway is without merit. The underlying complaint seeks recovery for, *inter alia*, Seppala's failure to install a stairway or a landing outside the doorway. RMD has not provided any legal or factual support for its assertion that its failure to include a stairway or landing in its design for the doorway is not a legal cause of Richard Scott's accident.

RMD's motion for summary judgment on Seppala's contribution claim is denied.


B.  <u>DeMoulas</u>

As the court found *supra*, Demoulas has failed to establish that its employees did not tamper with Seppala's barricade, or that these actions did not cause Richard Scott's accident. The court also notes that Seppala's complaint includes unrebutted

9

allegations that the accident was caused, at least in part, by the failure of Normand Martin, who has attested that he was DeMoulas employee, to eliminate a hazard of which he was aware. The court finds that there are genuine issues of material fact concerning these issues, and denies DeMoulas' motion for summary judgment on Seppala's contribution claim.

## Conclusion

The motions for summary judgment of RMD (document no. 33) and DeMoulas, Market Basket, and Excel (document no. 35) on Seppala's third-party claims are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 31, 1996

cc:  Mark J. Ventola, Esquire
     Dennis L. Hallisey, Esquire
     Wilfred J. Desmarais Jr., Esquire
     Joseph M. McDonough III, Esquire