**Tautic v. Hartmann, et al.**          CV-00-518-B    03/06/02
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


Cynthia Tautic, Individually
and as next friend
on behalf of Zachary Mack,
              Plaintiff

     v.                              Civil No. 00-518-B
                                     Opinion No. 2002 DNH 063

Florence Hartmann, Dennis J. Solinsky,
Individually and d/b/a
Solinsky Builders,
and James D. Solinsky,
              Defendants,

James D. Solinsky,
              Third-Party Plaintiff,

Richard and Raelene Tautic,
              Third-Party Defendants.


                    <u>**MEMORANDUM AND ORDER**</u>

     This civil action arises out of Cynthia Tautic's allegation,

pressed on behalf of her minor son Zachary Mack, that Zachary

sustained serious burns on his feet when, while retrieving ball

from defendant Florence Hartmann's property, he ran through the

ashes of an unlawful brush fire that had been burning for several

days.  I have before me defendants' motion for summary judgment

on Count III of the complaint,[1] which purports to state a claim under N.H. Rev. Stat. Ann. ("RSA") § 227-L:17; and Hartmann's motion for summary judgment on her cross-claims against her co-defendants under the theory of implied indemnity.

In their motion for summary judgment on Count III, defendants contend that RSA § 227-L:17 does not authorize, expressly or impliedly, a damages claim against a person brought by a trespasser injured by fire on the person's land. In her objection, plaintiff does not provide a developed response to this argument because she appears to conflate two bases for civil liability – causes of action expressly or impliedly created by statute and negligence per se – which are distinct theories of recovery under New Hampshire law. See Marquay v. Eno, 139 N.H. 708, 713-16 (1995). In any event, I can discern no basis for inferring that RSA § 227-L:17, which expressly authorizes certain damages actions by those injured by fire on land they own, see RSA § 227-L:17, VI ("Every person who sets fire on any land, that runs upon the land of any other person, shall pay to the owner

_____

[1]Defendant Hartmann originally filed this motion, but the other defendants subsequently were granted leave to join in it. See Document No. 44.

-2-

all damages done by such fire."), impliedly authorizes an action of the sort pressed in Count III.  I therefore grant defendants' motion for summary judgment on Count III, but do so without prejudice to plaintiff seeking leave to proceed against defendants under a negligence per se theory.  See Marquay, 139 N.H. at 713-16.

In her motion for summary judgment against her co-defendants on her cross-claims under the theory of implied indemnity, Hartmann asserts that the sole basis for holding her liable would be as the owner of the parcel of land where her co-defendants negligently failed to extinguish the brush fire she had hired them to kindle.  See Hamilton v. Volkswagen of America, Inc., 125 N.H. 561, 563-64 (1984) (observing that "[t]he justification for finding an implied agreement to indemnify in those cases [where the New Hampshire Supreme Court applied the doctrine of implied indemnity] rested on the fault of the indemnitor as the source of the indemnitee's liability in the underlying action and, conversely, the indemnitee's freedom from fault in bringing about the dangerous condition").  I disagree.  Hartmann's deposition can be read to suggest that, on July 2, 1998 (the day after the fire was ignited and the permit to kindle the fire had expired),

-3-

Hartmann saw that there were still coals and heat coming from the fire pit but did nothing to cause the fire to be extinguished. From this, a jury reasonably could infer that Hartmann acquiesced in her co-defendants' having left the fire unattended without extinguishing it, in violation of the terms of her permit. Thus, Hartmann reasonably could be held liable on a basis other than her status as owner of the property where Zachary was injured. See Hamilton, 125 N.H. 563-64; see also Sears, Roebuck & Co. v. Philip, 112 N.H. 282, 286 (1972) (indicating that the implied indemnity doctrine does not apply where the indemnitee "discovered and acquiesced in the continuation of the [dangerous] condition" in question). I therefore deny Hartmann's motion for summary judgment on her cross-claims.

To summarize, I grant Hartmann's (and by extension defendants', see supra note 1) motion for summary judgment on Count III [document no. 40], and deny Hartmann's motion for summary judgment on her cross-claims [document no. 41]. I also grant Hartmann's partially assented-to motion to extend time to reply to defendant Dennis Solinsky's objection to her motion for summary judgment [document no. 52].

SO ORDERED.

_____
Paul Barbadoro
Chief Judge


March 6, 2002

cc:   Robin C. Curtiss, Esq.
      Katherine M. Strickland, Esq.
      Kenneth G. Bouchard, Esq.
      Lawrence B. Gormley, Esq.
      Gordon A. Rehnborg, Jr., Esq.