Coos
No. 79-462

COMMERCIAL UNION ASSURANCE COMPANY

v.

BROWN COMPANY

September 17, 1980

*Devine, Millimet, Stahl & Branch*, of Manchester (*George R. Moore* orally), for the plaintiff.

*Bergeron & Hanson*, of Berlin (*Alethea L. Froburg* orally), for the defendant.

BOIS, J. This is an appeal arising from a petition for declaratory judgment. The issue is whether an indemnity clause in a construction contract between the defendant Brown Company and the Paul A. Lawrence Company requires that Lawrence indemnify Brown Company for Brown's acts of negligence. The Superior Court (*Temple*, J.) held that the indemnity clause did not apply. We disagree.

In April 1974, the Lawrence Company entered into a construction contract with the defendant for work to be performed on the defendant's premises. The contract required the Lawrence Company to purchase and maintain specific insurance coverage, including workmen's compensation and comprehensive general liability. In fulfillment of the contract, the Lawrence Company obtained both types of insurance from the plaintiff. Both policies were in effect at all relevant times. On October 9, 1974, an employee of the Lawrence Company was injured on the defendant's premises. As a result of this accident, the employee received workmen's compensation benefits from the plaintiff as the insurer of the Lawrence Company. The plaintiff seeks to bring a third-party action against the defendant pursuant to RSA 281:14 (Supp. 1979) (Workmen's Compensation—Liability of Third Person) to recover the amount it has paid to the injured employee and petitioned for declaratory judgment to determine whether the indemnity clause in the construction contract entitles the defendant to be indemnified by the Lawrence Company if the

plaintiff is successful in its third-party suit. If this is the case, then a third-party suit by the insurance carrier would be fruitless because the carrier, as the Lawrence Company's insurer, would itself be liable for whatever amount it could recover from the Brown Company.

The first issue is whether the indemnity clause in the construction contract requires the Lawrence Company to indemnify the Brown Company for injuries caused by the Brown Company's negligence. Paragraph seven of the contract provides as follows:

> "(7) *Contractor's Indemnity. Contractor [Lawrence Company] shall indemnify and hold Owner [Brown Company]* harmless from any *and all loss* by reason of property damage, bodily injuries, including death resulting therefrom (and all expenses in connection therewith, including attorneys' fees) sustained or alleged to be sustained by any person or persons, whether they be employees of Owner, Contractor, or members of the public, and without regard to whether the person or persons are working within the scope of their employment, *resulting from the acts* (or failure to act) *of Contractor or sub-contractors, or their employees and agents, or from the performance* (or failure of performance) *of this Contract.* Contractor shall effect coverage by Workmen's Compensation Insurance in conformity with the laws of the State in which the work contemplated by this Contract is to be done and shall indemnify and hold by this Contract Owner harmless from any and all loss by reason of the liability imposed by the applicable Workmen's Compensation Laws; will carry public liability insurance and such other insurance as may be necessary to insure against the risks above assumed by Contractor, and will submit evidence of same satisfactory to Owner on or before signing of this Contract." (Emphasis added.)

The plaintiff argues that the majority view requires that an indemnity provision clearly, precisely and unequivocally express that it was the intent of the parties to provide indemnity for the owner's own negligence. *See, e.g., Laudano v. General Motors Corp.,* 34 Conn. Sup. 684, 388 A.2d 842 (1977); *Norfolk & W. Ry. Co. v. Hardinger Tr. Co., Inc.,* 415 F. Supp. 507 (W.D. Pa. 1976). We disagree that this is the majority view:

> "While it has sometimes been stated, in discussion or dicta at least, that specific language is necessary to obligate the contractor to protect the owner against the latter's own active negligence, and that broad general words are insufficient, it has been ruled or recognized by a majority of the courts that express or explicit reference to the owner's negligence is not requisite if the parties' intention to afford such protection clearly appears from the contract or from the language used, the surrounding circumstances, and the objects of the parties."

(Footnotes omitted.) Annot., 27 A.L.R.3d 663, 678 (1969). Moreover, we find the latter rule to be sounder because it has the effect of upholding the parties' intention. Accordingly, we hold that express language is not necessary to obligate a contractor to protect against injuries resulting from the owner's negligence where the parties' intention to afford such protection is clearly evident. *Cf. Laconia Clinic, Inc. v. Cullen,* 119 N.H. 804, 408 A.2d 412 (1979); *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.,* 118 N.H. 649, 392 A.2d 145 (1978).

In interpreting indemnity provisions the same rules apply as are used to interpret contracts generally. 41 AM. JUR. 2d *Indemnity* § 6 (1968). In this State, the proper interpretation of a contract is that which reflects the intention of the parties at the time it was made. *Erin Food Services Inc. v. 688 Properties,* 119 N.H. 232, 235, 401 A.2d 201, 203 (1979). In interpreting a contract the court is to consider the written agreement, all its provisions, its subject matter, the situation of the parties at the time it was entered into and the object intended. *Thiem v. Thomas,* 119 N.H. 598, 602, 406 A.2d 115, 118 (1979).

The indemnity clause in question essentially has two parts. It requires the contractor to indemnify the owner from any and all loss resulting from: (1) "the acts of [the] contractor"; and (2) "the performance of this contract." It is the second part of this clause which is at issue, and which cannot be dismissed as mere surplusage. *See id.; McGinley v. Insurance Co.,* 88 N.H. 108, 184 A. 593 (1936). Each part of the indemnity clause serves a different function in the contract. The first part, "losses . . . from the acts of [the] Contractor," assigns liability to the contractor from injuries resulting from any acts of the contractor, whether or not they occur in the performance of the contract. The second part, "losses

. . . resulting . . . from the performance . . . of this Contract," assigns liability to the contractor for injuries resulting from the performance of the contract irrespective of whose negligent acts caused the injuries.

We construe the language of the second part to include negligent acts by the defendant because it is the only other interested party likely to be held liable for injuries. Furthermore, such an interpretation gives meaning and effect to all the language in that clause and appears to best reflect the intention of the parties when viewed in the context of the entire contract, the situation of the parties at the time, and the object intended. *Thiem v. Thomas supra.* The contract called for the Lawrence Company to come onto the premises of the Brown Company to perform construction and repairs. The potential risks to the employees of both parties as well as to third persons arising out of the performance of the work were to a certain degree unforeseeable. It is reasonable and a common business practice for the parties to agree that one of them bear the cost and responsibility of insuring against the risks resulting from the performance of the contract. *See* Annot., 27 A.L.R.3d 663 § 2 (1969).

Moreover, the contract required the Lawrence Company to obtain specific insurance to protect against all liabilities assumed under the contract. Such a contractual stipulation supports a finding that the parties intended the indemnity agreement to cover negligence on the part of the owner. *See id.*, at 695. We conclude that the clause at issue requires indemnification of defendant for its own acts of negligence.

The next issue is whether the specific injuries suffered in this case resulted from the "performance of the contract" and are therefore covered by the indemnity clause. According to the plaintiff's statement of the case, it was "quitting time" when the accident occurred. The Lawrence Company employee was preparing to go home when he fell as he attempted to descend some stairs. We do not find the fact that the employee was not actually working at the time of the injury to be significant. He was on the defendant's premises for the purpose of performing the contract and was still in the employ of the Lawrence Company. Moreover, the indemnity clause specifically provides that the contractor will indemnify the owner for injuries resulting from the performance of the contract "without regard to whether the person or persons are working within the scope of their employment." Accordingly, we hold that the injuries suffered resulted from the

performance of the contract and were covered by the indemnity clause.

██ ██ The plaintiff next argues that a contract which indemnifies against losses arising out of an indemnitee's own negligence is void as being against public policy. Our rule laid down in *Papakalos v. Shaka*, 91 N.H. 265, 18 A.2d 377 (1941), that one cannot by contract relieve himself from the consequences of his own future negligence, does not apply to contracts of indemnity with third parties. If this were so, all insurance policies would be invalid. Contracts which provide for indemnification of a party against his own future acts of negligence are generally not prohibited. *See* 41 AM. JUR. 2d *Indemnity* § 9 (1968). This is especially true in the construction industry. *See* 27 A.L.R.3d 663 § 2 (1969). The courts have recognized that

> "ordinarily the financial responsibility for the risk of injury during the course of a construction project is shifted in any event by the primary parties to their insurance carriers and the parties ought therefore to be free to determine how the insurance burdens will be distributed between them and who will pay for specific coverage for specific risks. The impact of the indemnity agreement between owner and contractor and contractor and subcontractor is therefore, in practical effect, the parties' allocation between themselves of the total required insurance protection for the project."

*Doloughty v. Blanchard Const. Co.*, 139 N.J. Super. 110, 116, 352 A.2d 613, 616 (1976). The purpose of the indemnity agreement in the case before us was to allocate the insurance burdens of the parties; we do not see such an allocation as contravening public policy.

██ The plaintiff finally argues that the defendant cannot, on appeal, base its interpretation of the contract on the language "resulting . . . from . . . the performance . . . of this Contract" because it did not rely upon such language in the court below. We find no merit to this argument, as the entire contract, including the language which the plaintiff now objects to, was before the trial court. The issue on appeal, which was properly raised and argued below, is whether the indemnity clause applies to the present facts and circumstances to require indemnification for its own acts of negligence. The language in question is part of that

indemnity clause and therefore it is proper for this court to consider it in making our decision.

*Reversed.*

All concurred.