Hillsborough-southern judicial district
No. 94-120

## MERRIMACK SCHOOL DISTRICT

### v.

## NATIONAL SCHOOL BUS SERVICE, INC.

July 19, 1995

THAYER, J. The defendant, National Bus Service, Inc., appeals the finding by the Superior Court (*Lynn*, J.) that its contract with the plaintiff, Merrimack School District, required the defendant to indemnify the plaintiff for the plaintiff's own acts of negligence. The plaintiff filed a cross-appeal, arguing that the trial court erred in failing to award it attorney's fees for this action. We affirm.

The defendant and the plaintiff entered into a contract, referred to as the transportation agreement, under which the defendant agreed to provide bus service for the plaintiff. This case arose from an accident in which a schoolchild was struck by one of the

defendant's school buses. The child's father brought suit on the child's behalf against both the defendant and the plaintiff, alleging negligence by both parties. The lawsuit was settled, and the plaintiff sought indemnification from the defendant for the amount the plaintiff contributed to the settlement and for attorney's fees incurred in defending the suit. The defendant refused, arguing that the suit alleged independent negligence by the plaintiff, and that under the transportation agreement it need not indemnify the plaintiff for such claims.

The parties submitted the case to the trial court for a decision based upon the transportation agreement and an agreed statement of facts. Additional extrinsic evidence was also submitted but was not considered because the trial court ruled that the language of the agreement was not ambiguous. The trial court ruled that the transportation agreement required the defendant to indemnify the plaintiff for the plaintiff's own acts of negligence during the plaintiff's involvement with the bus operations, and that the defendant must reimburse the plaintiff for attorney's fees incurred defending the underlying lawsuit. The trial court further found that the plaintiff was not entitled to an award of attorney's fees for costs associated with the enforcement of the indemnity provision. Both parties appealed.

The defendant argues that the trial court erred in finding that the transportation agreement was not ambiguous. "[I]nterpretation of a contract, including whether a contract term [or clause] is ambiguous, is ultimately a question of law for this court to decide." *Holden Eng'g and Surveying v. Pembroke Rd. Realty Trust*, 137 N.H. 393, 395, 628 A.2d 260, 262 (1993). Therefore, we will independently "interpret the contract, using facts found by the trial court." *Thiem v. Thomas*, 119 N.H. 598, 602, 406 A.2d 115, 117 (1979).

"A clause is ambiguous when the contracting parties reasonably differ as to its meaning." *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co.*, 123 N.H. 179, 182, 459 A.2d 249, 251 (1983). In interpreting a contract, we consider the contract as a whole and give terms their reasonable meaning. *Chadwick v. CSI, Ltd.*, 137 N.H. 515, 525, 629 A.2d 820, 827 (1993). As discussed below, a review of the entire contract persuades us that the provision relating to indemnification is not ambiguous, and that the defendant was required to indemnify the plaintiff for the plaintiff's own acts of negligence during the plaintiff's involvement with the bus operations.

The clause in question provides that:

> The [defendant] agrees that it will carry any and all insurance which will protect it, the Board, the [plaintiff], and its employees from any and all claims and demands, actions and causes of action, damages, costs, loss of service, expenses and compensation, including, but no [*sic*] limited to any and all claims for personal injury and/or death and property damages which may, in any way, arise from or out of the operations of the [defendant] pursuant to the terms of this Agreement whether such operations be performed by the [defendant] itself, anyone directly or indirectly employed by it or any other person or company retained in any way to carry on all or a portion of the operations necessary to abide by the terms of this agreement. The [defendant] further agrees that the [plaintiff], and its employees shall be named insured in any and all such insurance policies required by virtue of this Agreement, . . . and said [defendant] further agrees to defend, indemnify and save the [plaintiff], and its employees harmless from all claims and demands, actions and causes of action, damages, costs, loss of service, expenses and compensation on account of or in any way growing out of any claim referred to above. . . .
>
> The [defendant] agrees to obtain liability insurance in at least the minimum amounts as follows: Bodily Injury, $500,000 per person and $1,000,000 per accident; Property Damages $100,000; Medical Payments, $25,000. The [defendant] will also carry an additional $10,000,000 excess liability policy naming the [plaintiff] and all its agents as additional insured in accordance with all of the provisions of this Section 9.

■■ The defendant is correct that indemnity agreements are strictly construed, particularly when they purport to shift responsibility for an individual's own negligence to another. *Hamilton v. Volkswagen of America*, 125 N.H. 561, 564, 484 A.2d 1116, 1118 (1984). The indemnity provision, however, need not state explicitly the parties' intent to provide indemnity for the negligence of another. Express language is not necessary "where the parties' intention to afford [protection for another's negligence] is clearly evident." *Commercial Union Assurance Co. v. Brown Co.*, 120 N.H. 620, 623, 419 A.2d 1111, 1113 (1980).

■ In interpreting a contract, we give words their ordinary meaning unless it appears from the context that the parties intended a different meaning. *Appeal of Berlin Board of Education*, 120 N.H. 226, 229, 413 A.2d 312, 314 (1980). When parties use expansive, unrestricted language, we will give those phrases their normal, broad reading. *Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir. 1989) (applying New Hampshire law); *see also Carter v. Bergeron*, 102 N.H. 464, 470-71, 160 A.2d 348, 353 (1960). The contractual provision in question provided that the defendant would indemnify the plaintiff for "any and all" causes of action "arising out of" the defendant's performance of the contract. The phrase "arising out of" has been interpreted as a "very broad, general and comprehensive term[]," which we have defined as meaning "originating from or growing out of or flowing from." *Carter*, 102 N.H. at 470-71, 160 A.2d at 353 (quotations omitted). The plaintiff's alleged negligence related to its failure to supervise the students during dismissal and failure to enforce bus safety rules. The accident occurred when one of the defendant's buses struck a schoolchild. The claims against the plaintiff "arise out of" the defendant's operations to the extent that one of defendant's school buses, operated by one of the defendant's employees, was the actual cause of the injury to the child.

■ The defendant argues that the phrase "arise from or out of the operations of the [defendant]" is limited to those "operations . . . performed by the [defendant] itself, anyone directly or indirectly employed by it or any other person or company retained in any way to carry on all or a portion of the operations necessary to abide by the terms of this agreement," and that this limitation indicates an intention not to indemnify the plaintiff for the plaintiff's own acts of negligence. We disagree. The language referenced by the defendant serves to expand the defendant's responsibility under the contract, not restrict it. The language serves to make the defendant responsible not only for the negligence of its own employees, but also for the negligence of anyone it hired or associated with in order to fulfill the contract.

The expansive language used in these provisions indicates an intent by the parties to enter into a comprehensive risk allocation scheme. *Cf. Brown Co.*, 120 N.H. at 624, 419 A.2d at 1114. This conclusion is supported by the insurance requirements included within the provision. The defendant was required to "carry any and all insurance" necessary to cover claims arising under the agreement, and to include the plaintiff as a named insured on all insurance purchased pursuant to the agreement. The defendant

argues that the agreement required that it provide only vehicular insurance. We disagree. In this case, as in the *Brown Co.* case, the agreement not only specifies certain types of insurance, but also contains the requirement that the defendant carry any and all insurance necessary to cover claims under the agreement. "Such a contractual stipulation supports a finding that the parties intended the indemnity agreement to cover negligence on the part of the [plaintiff]." *Id.* We find, therefore, that the trial court correctly interpreted the parties' agreement and uphold its ruling.

The other issue in this appeal relates to the trial court's orders regarding payment of attorney's fees. The defendant argues that the trial court erred in ruling that the indemnity agreement made it responsible for attorney's fees incurred by the plaintiff in defense of the underlying action. The plaintiff argues that the trial court erred in ruling that it was not entitled to recover attorney's fees incurred to enforce the indemnity provision of the transportation agreement. We affirm both rulings.

■ "An award of attorney's fees . . . must be grounded upon statutory authorization, an agreement between the parties, or an established exception to the rule that each party is responsible for paying his or her own counsel fees." *Clipper Affiliates v. Checovich,* 138 N.H. 271, 278, 638 A.2d 791, 796 (1994) (quotation and brackets omitted). We give great deference to a trial court's rulings regarding attorney's fees. *Adams v. Bradshaw,* 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), *cert. denied,* 503 U.S. 960 (1992).

■■ The trial court awarded attorney's fees to the plaintiff based on the transportation agreement. Under the agreement, the defendant was required to defend the plaintiff against any claims arising under the contract, and was responsible for any costs, expenses, and compensation resulting from such a claim. The trial court read this language as imposing a duty on the defendant to pay the attorney's fees incurred by the plaintiff in defending the underlying action. We agree. The defendant argues that an intention to shift attorney's fees must be clearly evident from the language of the indemnification agreement. "Clearly evident," however, is not synonymous with "explicit." *Cf. Brown Co.,* 120 N.H. at 623, 419 A.2d at 1113. The agreement requires the defendant to *defend* the plaintiff in any action arising under the agreement. The obligation to defend clearly includes the obligation to provide legal counsel. We therefore affirm the trial court's award of attorney's fees.

■ The plaintiff argues that the trial court should have awarded it attorney's fees incurred to enforce the indemnity

provision. Pointing to language that requires the defendant to indemnify the plaintiff for any *loss* that the plaintiff might sustain as a result of the defendant's performance under the contract, the plaintiff argues that the only rational interpretation would be to require the defendant to reimburse the plaintiff for legal expenses incurred enforcing the terms of the agreement. We do not agree. While the term "loss" does not have a "hard and fast meaning[, it] has been held synonymous with, or equivalent to, 'damage,' [or] 'damages.'" BLACK'S LAW DICTIONARY 945 (6th ed. 1990). It does not imply cost or expense. The language relied on by the plaintiff suggests that the defendant would be responsible for any damages suffered by the plaintiff as a result of the defendant's breach of the contract, but does not support the plaintiff's contention that the language was intended to include attorney's fees incurred to enforce the agreement. The plaintiff asserted no additional grounds to justify an award of attorney's fees. The decision of the trial court, therefore, is affirmed.

*Affirmed.*

All concurred.