Public Employee Labor Relations Board
No. 2002-363

## APPEAL OF TOWN OF DURHAM
### (New Hampshire Public Employee Labor Relations Board)

Argued: February 13, 2003
Opinion Issued: May 5, 2003

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the petitioner.

*Cook & Molan, P.A.*, of Concord (*John S. Krupski* on the brief and orally), for the respondent.

BROCK, C.J. The petitioner, the Town of Durham (town), appeals a decision of the public employee labor relations board (PELRB) that found that the issue of whether an employee grievance was arbitrable under a collective bargaining agreement (CBA) between the town and the respondent, the Durham Professional Firefighters Association, Local 2253 (union), should be decided by an arbitrator rather than by the PELRB. We reverse and remand.

The record supports the following facts. The town and the union entered into a CBA that included a provision for the submission to binding arbitration of disputes regarding the application of the CBA. In August 2001, the union filed a demand for arbitration of a grievance that involved the shift assignment of an employee who had been employed full-time as a firefighter since January 2001. The town filed an improper practice charge with the PELRB alleging, among other things, that both RSA chapter 273-A (1999) and the CBA prohibit the submission to arbitration of a grievance regarding a non-permanent employee. In March 2002, the PELRB ruled,

among other things, that the arbitrator should determine whether the matter was arbitrable. The town filed a timely motion for rehearing, which was denied.

On appeal, the town argues that the PELRB erred by: (1) interpreting the CBA to allow arbitration of a grievance regarding a probationary firefighter; (2) finding that the parties intended to include probationary employees in the CBA, contrary to RSA chapter 273-A; and (3) relying upon parol evidence to justify its order to proceed to arbitration.

We begin by examining the relevant language of the CBA. *See Appeal of Westmoreland School Board*, 132 N.H. 103, 106 (1989). "Interpretation of a contract, including whether a contract term or clause is ambiguous, is ultimately a question of law for this court to decide." *Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 11 (1995) (quotation and brackets omitted). "A clause is ambiguous when the contracting parties reasonably differ as to its meaning." *Id.* (quotation omitted).

> Absent fraud, duress, mutual mistake, or ambiguity, we must restrict our search for the parties' intent to the words of the contract. Accordingly, we will reverse the determination of the fact finder where, although the terms of the agreement are unambiguous, the fact finder has improperly relied on extrinsic evidence in reaching a determination contrary to the unambiguous language of the agreement.

*Appeal of Reid*, 143 N.H. 246, 249 (1998) (citation, quotation and brackets omitted).

Article 2 of the CBA specifically defines the classifications of employees covered by the CBA. The classifications consist of "Permanent Fire Fighter" and one additional type of employee not relevant to this case. Article 2 states: "It is specifically agreed to by the TOWN and the ASSOCIATION that this Agreement applies only to the above enumerated positions." Article 9, section 1 states that all new hires "shall serve a probationary period of one (1) continuous year from the date of hire." It further states that "[a]ll full-time personnel who have satisfactorily completed the probationary period shall be known as permanent." Article 26-A, section 5 states that "[t]he Arbitrator shall be deemed to have the authority to determine arbitrability of any grievance" under the CBA, while article 26, section 2 specifically prohibits the arbitration of any "matter which is not specifically covered by this Agreement."

The overarching issue in the present case is one of jurisdiction. The PELRB has exclusive original jurisdiction over the threshold question of arbitrability in matters where the parties have not granted the arbitrator

the authority to determine arbitrability. *See Appeal of Belknap County Comm'rs*, 146 N.H. 757, 761 (2001). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the [PELRB], not the arbitrator." *AT&T Technologies v. Communications Workers*, 475 U.S. 643, 649 (1986); *see Westmoreland*, 132 N.H. at 105-06 (adopting four principles of *AT&T Technologies*).

In this case, the parties have granted the arbitrator the authority to determine arbitrability only with respect to those firefighters covered by the CBA. Article 2 limits the coverage of the CBA to firefighters who are "permanent," defined by the plain language of article 9, section 1 as those having satisfactorily served a probationary period of one continuous year from the date of hire. The record shows that the employee had not served a probationary period of one year at the time of the demand for arbitration. Because the language of the CBA is clear and unambiguous on this issue, we need not look to the practices of the parties or other extrinsic evidence that might be inconsistent with the CBA. *See Appeal of Reid*, 143 N.H. at 249.

■ We hold that the employee was excluded from coverage under the CBA by the plain language of article 2 of the CBA. Therefore, the PELRB had exclusive original jurisdiction to decide the threshold question of arbitrability, and it was error for the PELRB to send the grievance to the arbitrator to decide the issue of arbitrability. We reverse and remand to the PELRB for disposition in accordance with this opinion.

Having decided the previous issue as we have, we need not address the other arguments the town sets forth.

*Reversed and remanded.*

BRODERICK, DALIANIS and DUGGAN, JJ., concurred.