Merrimack
No. 2009-390

DR. SEYMOUR KESSLER

v.

AARON GLEICH, INDIVIDUALLY AND AS GENERAL PARTNER OF FIRE HOUSE BLOCK ASSOCIATES, L.P.

Argued: May 4, 2010
Opinion Issued: November 10, 2010

*Upton & Hatfield, LLP*, of Concord (*Charles W. Grau* and *Matthew R. Serge* on the brief, and *Mr. Serge* orally), for the plaintiff.

*Howard & Ruoff, P.L.L.C.*, of Manchester (*Mark E. Howard* on the brief and orally), for the defendant.

HICKS, J. The defendant, Aaron Gleich, individually and as general partner of Fire House Block Associates, L.P. (FHBA), appeals an order of the Superior Court (*Nicolosi*, J.) requiring him to indemnify the plaintiff, Dr. Seymour Kessler, for the attorney's fees and costs he incurred in this declaratory judgment action and to pay him the attorney's fees incurred by the New Hampshire Housing Finance Authority (NHHFA) in a related action. We reverse in part, vacate in part and remand.

The record reveals the following facts. The plaintiff is one of several limited partners of FHBA. *Kessler v. Gleich*, 156 N.H. 488, 490 (2007). FHBA was created to construct, own and operate a "Section 8" housing development in Concord. *Id.*

FHBA financed the housing development through the NHHFA. *Id.* As the sole general partner of FHBA exercising complete control over the

management of the development, the defendant executed a regulatory agreement, as well as a mortgage and promissory note with NHHFA. *Id.* These documents required the defendant to contract with an approved managing agent for the property. *Id.*

Between 1997 and 2004, the defendant was repeatedly notified by NHHFA that FHBA was in violation of the regulatory agreement for failing to have an approved managing agent in place. *Id.* NHHFA further informed the defendant that if FHBA did not comply with the terms of the regulatory agreement, NHHFA would foreclose on the property. *Id.* After several additional notifications, on October 1, 2004, NHHFA began foreclosure proceedings. *See id.*

The defendant, however, never notified the limited partners of the default or the commencement of foreclosure proceedings. *Id.* The plaintiff learned of the foreclosure through his attorney and intervened to enjoin the sale of the property at auction. *Id.* at 490-91. The foreclosure auction was temporarily enjoined. *Id.* at 491.

In 2004, the plaintiff filed suit against the defendant seeking a declaration that the defendant willfully breached the fiduciary duties he owed the plaintiff and the other limited partners. *Id.* The trial court ruled in the plaintiff's favor, finding that the defendant willfully breached his fiduciary duty of loyalty by violating the partnership agreement and by allowing the partnership to be defaulted by NHHFA for lack of a proper managing agent. *Id.* We affirmed the trial court's decision on the merits. *Id.* at 489-90.

Thereafter, the plaintiff, as the prevailing party, renewed his motion in superior court for an award of attorney's fees and costs. Following a hearing, the trial court granted the plaintiff's motion and awarded him $288,281.20 in attorney's fees and costs. These fees included $75,406 for legal fees and expenses incurred by NHHFA in the foreclosure action. This appeal followed.

■ "A prevailing party may be awarded attorney's fees when that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees." *Tulley v. Sheldon*, 159 N.H. 269, 272 (2009) (quotation omitted). We will not overturn a trial court's award of attorney's fees unless it is an unsustainable exercise of discretion. *Id.* In applying this standard, we are mindful of the substantial deference given to the trial court's decision on attorney's fees, and we will uphold the decision if the record provides some support for it. *Id.*

The trial court ruled that the plaintiff was entitled to fees pursuant to the indemnity provision of the parties' partnership agreement (section 6.8), which provides:

No General Partner shall have any liability or obligation to the other General Partners, the Limited Partners or the Partnership for any decision made or action taken in connection with the discharge of his duties hereunder, if such decision or action is made or taken in good faith. Moreover, the General Partners shall not be liable to the Limited Partners because of the disallowance or adjustment by any taxing authority of any deduction or credits claimed in any tax return filed by the Partnership. The General Partners shall not be liable to the Partnership or the Limited Partners for any negative amount in their capital account, provided same shall not have arisen out of their borrowing money from the Partnership, any such borrowing being prohibited. Notwithstanding the foregoing, each General Partner shall indemnify and save harmless the Partnership, the Limited Partners and the other General Partners from and against any claim, loss, expense, liability, action or damage, including, without limitation, reasonable costs and expenses of litigation and appeal (and the reasonable fees and expenses of counsel) ari[s]ing out of his fraud, bad faith, gross negligence, or his willful failure to comply with any representation, condition or other agreement herein contained.

The companion to section 6.8 is section 6.7, which provides:

The Partnership will indemnify and hold harmless each of the General Partners and their successors and assigns from any claim, loss, expense, liability, action or damage resulting f[ro]m any act or omission performed or omitted by any of them in their capacities as General Partners, including, without limitation, reasonable costs and expenses of litigation and appeal (and the reasonable costs and expenses of attorneys engaged by the General Partners in defense of such act or omission), but no General Partner shall be entitled to be indemnified or held harmless for any act or omission arising from his fraud, bad faith, gross negligence, or his willful failure to comply with any representation, condition or other agreement herein contained. Any indemnity under this Section 6.7 shall be provided out of and to the extent of Partnership assets only, and no Limited Partner shall have any personal liability on account thereof.

On appeal, the defendant first argues that the trial court erred by interpreting section 6.8 to require him to pay the plaintiff's attorney's fees and costs in the declaratory judgment proceeding. The defendant contends

that this provision applies only to claims brought by third parties against the limited partners and does not apply to claims brought by a limited partner against a general partner. As the defendant explains: "The prepositions 'from and against,' juxtaposed as they must be against the language 'indemnify and save harmless,' can only mean that the parties intended that the general partner will protect the limited partners 'from' the action of another, or save harmless 'against' the claim of another made against them."

■When there is an express contract for indemnity, as there is here, the rights of the surety are not to be determined by general indemnity principles, but by the letter of the contract for indemnity. *Gulf Ins. Co. v. AMSCO*, 153 N.H. 28, 34 (2005). The meaning of a contract is ultimately a question of law for this court to decide. *Id.* Thus, we review the trial court's decision *de novo. Id.* at 34-35.

■ We interpret indemnity agreements in the same way that we interpret contracts generally. *Id.* at 34. We look to the parties' intent at the time the agreement was made, considering the written agreement, all its provisions, its subject matter, the situation of the parties at the time the agreement was entered into, and the object intended. *Dunn v. CLD Paving*, 140 N.H. 120, 122 (1995). We assign the words and phrases used by the parties the common meaning that would be given to them by a reasonable person. *AMSCO*, 153 N.H. at 34. Unless the agreement contains ambiguous terms, we limit our review to the four corners of the document itself. *Dunn*, 140 N.H. at 122. We construe express indemnity agreements strictly, particularly when they purport to shift responsibility for an individual's own negligence to another. *See Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 12 (1995).

The defendant's assertion that the indemnification provision at issue, *in its entirety*, applies only to third party claims is broader than necessary to resolve this appeal. This appeal concerns *only* the award of attorney's fees and costs, specifically whether such fees and costs are recoverable in first party litigation. We limit our analysis of the indemnification provision accordingly.

We have previously addressed the recovery of attorney's fees pursuant to indemnification agreements. In *Town of Nottingham v. Newman*, 147 N.H. 131, 136-37 (2001), we ruled that the agreement between one of the defendants and the Town required her to pay the Town's legal expenses incurred in enforcing their agreement. The agreement stated that the defendant understood that if she defaulted, thereby requiring the Town to remove her two mobile homes, she would be responsible for all of the costs, attorney's fees and legal expenses the Town would incur. *Newman*, 147

N.H. at 132-33. We held that this language obligated the defendant to pay the Town's attorney's fees incurred to enforce the parties' agreement. *Id.* at 136-37.

By contrast, in *Merrimack School District*, 140 N.H. at 14-15, we held that the parties' agreement did not obligate the indemnitor to pay the indemnitee's attorney's fees incurred to enforce the indemnification agreement. The language in that agreement was that the indemnitor agreed to "defend, indemnify and save the [indemnitee], and its employees harmless from all claims and demands, actions and causes of action, damages, costs, loss of service, expenses and compensation on account of or in any way growing out of any claim referred to above." *Merrimack School Dist.*, 140 N.H. at 12 (quotation omitted). The claims referred to were:

> any and all claims and demands, actions and causes of action, damages, costs, loss of service, expenses and compensation, including but [not] . . . limited to any and all claims for personal injury and/or death and property damage which may, in any way, arise from or out of the operations of the defendant pursuant to the terms of this Agreement whether such operations be performed by the defendant itself, anyone directly or indirectly employed by it or any other person or company retained in any way to carry on all or a portion of the operations necessary to abide by the terms of this agreement.

*Id.* (quotation and brackets omitted.) We held that the reference to any "loss" the plaintiff might sustain "does not imply cost or expense." *Id.* at 15. We ruled that this language did not indicate the parties' intent to include within the scope of the indemnification agreement the attorney's fees incurred to enforce it. *Id.; see Nova v. Penske*, 952 A.2d 275, 289 (Md. 2008) (ruling that indemnification agreement that does not specifically refer to attorney's fees was not intended to cover first party attorney's fees and, thus, did not allow the prevailing parties to recover their fees in action between the parties).

The language in the indemnity agreement in this case is more specific than that in *Merrimack* because it refers to attorney's fees, but is not as specific as that in *Newman*, which actually referred to an action between the parties.

Courts in other jurisdictions have ruled that because a promise by one party to a contract to indemnify the other party for attorney's fees incurred in litigation between the two parties is contrary to the general rule that parties are responsible for their own legal fees, *see Clipper Affiliates v. Checovich*, 138 N.H. 271, 277 (1994), the court should not infer a party's intention to waive the benefit of the general rule "unless the intention to do

so is *unmistakably clear* from the language of the promise." *Hooper Associates v. AGS Computers*, 548 N.E.2d 903, 905 (N.Y. 1989) (emphasis added). The parties in *Hooper* had an agreement under which the plaintiff agreed to buy computer equipment and services from the defendant. *Id.* at 903. The indemnification provision explained that the defendant was required to "indemnify and hold harmless" the plaintiff "against and from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees arising out of" five specific kinds of actions. *Id.* at 903-04 n.1 (quotations and emphasis omitted). The plaintiff sued the defendant for, among other things, breach of express and implied warranties, one of the five specified actions entitling the plaintiff to indemnification for its attorney's fees. *Id.* at 903, 903-04 n.1.

Nonetheless, the court ruled that the indemnification provision "d[id] not contain language clearly permitting plaintiff to recover from defendant the attorney's fees incurred in a suit against the defendant." *Id.* at 905. The court stated that the language was "typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim." *Id.* The court observed that the five specific kinds of actions specified in the agreement were not exclusively or unequivocally referable to claims between the parties themselves and, thus, did not support an inference that the defendant promised to indemnify the plaintiff for counsel fees in an action on the contract. *Id.*; *see Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199-200 (2d Cir. 2003) (applying New York law, court holds that provision requiring indemnitor to reimburse indemnitee for any legal or other expenses incurred with respect to any claims arising in any manner out of or in connection with the idemnitee's services, "including, without limitation, in connection with the enforcement of this Agreement and the indemnification obligations set forth herein" was insufficient to require indemnitor to pay indemnitee's legal fees in indemnitee's breach of contract action against indemnitor); *Nevadacare v. Department of Human Services*, 783 N.W.2d 459, 470-72 (Iowa 2010) (indemnity provision that required indemnitor to indemnify indemnitee for all costs and expenses, including attorney's fees, related to or arising from any breach of the parties' contract applied only to claims brought by third parties and not to a breach of contract claim between the parties). *But see, e.g.*, *Dalton v. Childress Service Corp.*, 432 S.E.2d 98, 100-02 (W. Va. 1993) (indemnity clause, which provided for indemnification of "any and all costs and expenses including attorney's fees which may be incurred in connection therewith" applied to expense incurred in defending third-party claims *and* to those incurred in enforcing parties' agreement).

We align ourselves with those courts that will not infer a party's intention to waive the benefit of the general rule that parties are responsible for their own legal fees unless the intention to do so is *"unmistakably clear* from the language of the promise." *Hooper Associates,* 548 N.E.2d at 905 (emphasis added); *cf. Merrimack School Dist.,* 140 N.H. at 12 (express language is unnecessary to provide indemnity for the negligence of another where the parties' intention to afford protection for another's negligence is "clearly evident" (quotation omitted)). This is in keeping with our general reluctance to imply a duty to indemnify. *See Dunn,* 140 N.H. at 123.

In this case, the claims for which the agreement allows the plaintiff to collect attorney's fees, like the claims in *Hooper,* do not exclusively or unequivocally refer to claims between the parties. Section 6.8 of the parties' agreement allows the plaintiff to collect fees arising from the general partner's fraud, bad faith, gross negligence, or willful failure to comply with any representation, condition or other agreement contained in the parties' partnership agreement. These claims could be brought either by the limited partners or by a third party. Had the parties wished to demonstrate their clear intent to require the general partner to indemnify the limited partners for the attorney's fees and costs incurred in an action between the general and limited partners, they could have used language such as that used by the parties in *Newman,* 147 N.H. at 132-33. In *Newman,* the parties used language that referred specifically to an action between them. Here, by contrast, the parties used language that could have referred to an action between them or could have referred to an action brought by a third party. Because the intention to require indemnity in an action between the parties is not "unmistakably clear from the language of the promise," *Hooper Associates,* 548 N.E.2d at 905, we decline to infer such an intention, *see Dunn,* 140 N.H. at 123.

Accordingly, we conclude that the indemnification provision at issue does not require the defendant to indemnify the plaintiff for the attorney's fees and costs he incurred in bringing this declaratory judgment proceeding because it does not specify that such fees and costs are recoverable in an action between the parties. We, therefore, reverse the trial court's award to the plaintiff of the attorney's fees and costs he incurred in this declaratory judgment proceeding. While the plaintiff asserts that he is entitled to recovery of his attorney's fees and costs under common law, he acknowledges that the trial court did not address this claim. We decline to do so in the first instance.

The defendant next argues that the trial court erred by requiring him to pay the plaintiff $75,406, which represents the attorney's fees that NHHFA incurred in the foreclosure action. The trial court ruled that the defendant

was responsible for these fees because: (1) the note and mortgage contained provisions in which the partnership agreed to pay NHHFA's reasonable attorney's fees for any action related to foreclosure as a result of default; and (2) section 6.8 of the parties' partnership agreement obligates the defendant to indemnify the partnership for any expenses arising out of his willful failure to abide by the agreement. Section 6.4(A) of the parties' partnership agreement provides, in pertinent part: "No General Partner shall have authority to perform any act in violation of . . . any agreement between the Partnership and NHHFA." The defendant breached the agreement between the partnership and NHHFA by failing to put an approved managing agent in place and, by so doing, also breached section 6.4(A) of the parties' partnership agreement.

■ We find no error in this analysis. However, we vacate the trial court's award of those fees to the plaintiff. As the defendant aptly notes, the note and mortgage obligate the *partnership* to pay NHHFA's reasonable attorney's fees. They do not obligate the plaintiff to pay them.

The plaintiff contends that the trial court's orders in the injunction proceeding make him responsible for NHHFA's fees. The trial court's rulings are unclear. In its initial order, the trial court appears to have agreed with the plaintiff that the court's 2004 and 2006 orders in the foreclosure proceeding required him to pay NHHFA's fees. The court specifically referred to those orders when responding to the defendant's argument that "the only fees recoverable for NHHFA costs and fees, if any, are the $17,000 in costs originally claimed in 2004 during the litigation against NHHFA."

In its order denying the defendant's motion for reconsideration, however, the trial court stated that "the plaintiff is correct in asserting that the *partnership* is liable to NHHFA for [its] reasonable attorney's fees expended in attempting to collect on the indebtedness of the mortgage." (Emphasis added.) The trial court further ruled that while the defendant was ultimately liable for NHHFA's fees because of the partnership agreement, he was liable only "to the extent that NHHFA collects its fees under the terms of its agreement with the Partnership." The court's order appears to contemplate that the amount of fees recoverable by NHHFA was as yet undetermined when it stated: "If a dispute arises between NHHFA and the *Partnership* regarding the fees owed to NHHFA, or if the defendant contests the reasonableness of those fees, the defendant would be allowed to intervene and challenge the legitimacy of the fees and his obligation given his ultimate liability." (Emphasis added.) Nonetheless, the trial court awarded the *plaintiff* $75,406 "for NHHFA legal fees and expenses, auctioneer expenses, and appraisal fees."

In light of the trial court's arguably conflicting rulings and the record submitted on appeal, which fails to clarify the trial court's intent, we vacate the award of $75,406 to the plaintiff for NHHFA's reasonable attorney's fees and costs and remand for further proceedings consistent with this opinion.

*Reversed in part; vacated in part; and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.