**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0378, <u>Baxter Lake Recreation Area Association v. Thomas Connelly</u>, the court on May 17, 2019, issued the following order:**

The defendant's motions for extensions of time to file a reply memorandum and motion for late entry are granted in part. Accordingly, the defendant's motion for permission to respond to the plaintiff's objection is moot, and we have not considered the defendant's reply to the plaintiff's objection. The defendant filed his reply memorandum on April 9, 2019. We do not, however, consider the documents attached to the reply memorandum that were not presented to the trial court. See <u>Lake v. Sullivan</u>, 145 N.H. 713, 717 (2001).

Having considered the brief, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The defendant, Thomas Connelly, appeals the order of the Circuit Court (<u>Gardner</u>, J.) entering judgment for the plaintiff, Baxter Lake Recreation Area Association, on its claim for past due assessments, taxes, and costs of collection, including attorney's fees. We construe the defendant's brief to argue that the trial court erred in approving the plaintiff's request for attorney's fees and other costs of collection arising from: (1) claims against his predecessor-in-interest, given the court's finding that the plaintiff failed to prove that the defendant was personally liable on such claims; and (2) the delay caused by an apparent conflict of interest on the part of the plaintiff's attorney. We will not overturn the trial court's award of attorney's fees absent an unsustainable exercise of discretion. <u>Appeal of Local Gov't Ctr.</u>, 165 N.H. 790, 813 (2014). Under this standard, the defendant must show that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

The plaintiff is a campground association that requires its campsite owners to pay dues, approximately $1,000 annually, for property maintenance and taxes. The record shows that in 2013, the defendant's predecessor-in-interest acquired the subject campsite for $17,488. The defendant acquired title on February 18, 2016. On that date, there was a balance due of $1,172.26. Prior to the transfer, the defendant's predecessor-in-interest executed a promissory note to the plaintiff in the amount of $1,193.75 and gave the plaintiff a mortgage to secure the indebtedness. On June 10, 2016, despite the mortgage and property transfer, the plaintiff brought an action

against the defendant's predecessor-in-interest, seeking a pre-judgment attachment against the property in the amount of $2,500. On September 2, 2016, apparently realizing its error, the plaintiff moved to add the defendant as a party to the case. The court denied the motion.

The plaintiff subsequently filed a new action against the defendant. In its writ, the plaintiff alleged that, as of February 1, 2017, the defendant was in arrears on his taxes, assessments, and costs of collection, including attorney's fees, in the amount of $3,887. On October 25, 2017, the court held a hearing on the merits. During the defendant's cross-examination of the plaintiff's representative, the court interrupted the testimony to ask the plaintiff's attorney whether he had a conflict of interest in this case. The attorney explained that, "In the course of my representing the [plaintiff] sometimes I conduct closings." He stated that the defendant, "at some point called me and asked me to prepare a deed conveying the property from [his predecessor-in-interest] to him. I did that for him, and sent it to him and that was the last I knew of it." The court suspended the hearing and, in a November 14, 2017 order, required the plaintiff to submit a legal memorandum to address two issues: (1) whether the attorney's involvement with the real estate transaction between the defendant and his predecessor-in-interest presented a conflict of interest such that he could not continue to represent the plaintiff in this case; and (2) the legal basis for the plaintiff's claim against the defendant for amounts due from his predecessor-in-interest.

On March 1, 2018, more than two months later, the plaintiff's new attorney submitted the requested memorandum, declaring that the conflict issue "has been resolved" because the prior attorney had withdrawn. On March 16, 2018, the court, in light of its docket "and the length of time it took plaintiff to file its memorandum," scheduled a new hearing on the merits before a different judge. Following the new hearing, the new judge found the evidence insufficient to prove that the defendant had assumed personal liability for the property-related debts of his predecessor-in-interest. The court gave the plaintiff leave to file a revised statement of past due assessments and costs of collection consistent with its order. On or about May 3, 2018, the plaintiff submitted its revised statement, and on May 30, 2018, the trial court, over the defendant's objection and without a hearing, entered judgment for the full amount requested, $11,421.07.

The defendant first argues that the trial court erred in approving the plaintiff's request for attorney's fees and other costs of collection arising from its claims against his predecessor-in-interest, given the court's finding that the plaintiff failed to prove that he was personally liable on such claims. The plaintiff counters that there was no error because the association's by-laws and covenants provide that the person owning the site when the fees and costs become due is the person liable for them, and that the fees and costs were not imposed until after the defendant acquired the property. The plaintiff further

2

asserts that "substitute counsel had to be brought current with the facts and theories implicated in the case, including investigation and research into the type and quantum of evidence by which to prove that [the defendant] had in fact agreed to assume, or should be deemed to have assumed, or should be held to vicarious liability for, [his predecessor's] arrearages."

We have held that "[a] prevailing party may be awarded attorney's fees when that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees." Kessler v. Gleich, 161 N.H. 104, 106 (2010) (quotation omitted). In this case, however, the plaintiff did not prevail on its claims against the defendant for the debts of his predecessor-in-interest. Therefore, the defendant is not liable for the attorney's fees and other collection costs that the plaintiff incurred in pursuing these claims. We note that such recovery would be inconsistent with the trial court's prior order.

The defendant next argues that the trial court erred in awarding attorney's fees and other collection costs arising from the delay caused by the plaintiff's attorney's apparent conflict of interest. "[A]n attorney may not charge a fee that is unreasonable." McCabe v. Arcidy, 138 N.H. 20, 29 (1993). The plaintiff concedes that "the suspension resulted in unavoidable delay and contributed to the mounting costs of the [plaintiff] to pursue collection of the arrearages," but asserts that it is nevertheless reasonable to require the defendant to pay for the resulting fees and costs because, "[d]espite his sensitivity to [the attorney's] potential conflict of interest," the defendant did not file a pretrial motion to recuse the attorney. Thus, the plaintiff argues, the defendant's "snowballing dues arrearage (and related costs) that accrued while awaiting the resumption of trial was entirely within his capacity to prevent; they fell due in the ordinary course during ongoing collection efforts." At the outset, we note that the court, not the defendant, raised the apparent conflict of interest issue. Moreover, we conclude that it is not reasonable to require the defendant to pay for the additional attorney's fees and collection costs, including the memorandum requested by the court, necessitated by the plaintiff's retention of an attorney who failed to recognize an apparent conflict of interest, and who withdrew from the case after the court raised the issue. See id.

"Where a party prevails on some claims and not others, and the successful and unsuccessful claims are analytically severable, any fee award should be reduced to exclude time spent on unsuccessful claims." Van Der Stok v. Van Voorhees, 151 N.H. 679, 685 (2005) (quotation omitted). Claims are analytically severable when they seek different relief. Halifax-American Energy Company, LLC v. Provider Power, LLC, 170 N.H. 569, 589 (2018). Based upon this record, we conclude that it is not reasonable to require the defendant to pay the fees incurred by the plaintiff's prior attorney or associated with the delay resulting from that attorney's apparent conflict of interest. Nor

is it reasonable to require the defendant to pay attorney's fees or collection costs of the plaintiff's prior suit against his predecessor-in-interest, or for any claims in this case seeking to impose personal liability upon him for the debts of his predecessor-in-interest.

We affirm the trial court's order only to the extent that it imposed taxes and assessments upon the defendant that first became due after he acquired the property. We vacate the award of costs and attorney's fees and remand for further proceedings consistent with this order, including a determination of the reasonable attorney's fees, if any, and other costs of collection relating solely to the taxes and assessments that first became due after the defendant acquired the property.

Affirmed in part; vacated in part; and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

4